Eugene L. CAUDLE and Hilda E. Caudle, his wife, Plaintiffs-Appellants,

v.

Nancy KELLEY, Individually, and as Trustee and last surviving officer of Land Market Realtors, Inc., a defunct corporation, Stockton, Missouri, et al., Defendants-Respondents.

No. 10496.

Missouri Court of Appeals, Springfield District.

Dec. 28, 1976.

Robert Stemmons, Mount Vernon, for plaintiffs-appellants.

Roy W. Brown, Kansas City, for defendant-respondent Kelley.

Samuel J. Short, Jr., Fowler & Short, Stockton, for defendants-respondents Carender.

PER CURIAM.

This action arose out of the sale of a parcel of realty in Stockton, in Cedar County. The petition is laid in four counts. Count I alleges that Land Market Realtors, Inc., is a defunct Missouri corporation and that defendant Kelley is the trustee and last surviving officer of the board of directors, and an officer of the defunct corporation residing in Cedar County; that on June 18, 1975, defendant Kelley made and delivered to plaintiffs a check drawn on the defunct corporation in the amount of $28,-402.93; that the check was presented for payment but was dishonored and that plaintiffs thereafter gave notice of dishonor to defendant Kelley and the corporation. Prayer is for judgment against defendant Kelley in the sum of $28,402.93 plus interest. Count II alleges payment of $27,000 to defendant Kelley and conversion of that sum by her; prayer is for judgment against her in the sum of $27,000 plus interest.

Count III alleges that on June 11, 1975, plaintiffs and defendants Carender entered into a contract for the sale of a parcel of land; that by the terms of the contract defendants Carender were obliged to pay $3,000 upon execution of the contract and that that sum was deposited with the defunct corporation; the balance of the purchase price—$27,000—was to be paid to plaintiffs upon execution and delivery of a warranty deed to defendants at the office of the defunct corporation. Plaintiffs allege delivery of a warranty deed and performance of all conditions precedent to payment and failure of defendants Carender to pay any part of the purchase price. Prayer is for judgment against defendants Carender in the amount of $30,000. Count IV alleges procurement of the warranty deed by means of fraudulent representation on the part of defendants Carender, specifically that defendants Carender represented they would pay the purchase price without any intention of doing so. Plaintiffs further allege their execution and delivery of the deed, recordation of the deed, inadequacy of their remedy at law and pray cancellation of the deed.

Defendants Carender filed a motion to dismiss all four counts of the petition "for failure of the same to state a cause of action". Defendant Kelley answered each count of the petition separately; the answer incorporates a motion to dismiss for failure to state a claim upon which relief can be granted, as authorized by Rule 55.-27(a).[1] The record indicates that notice of a hearing on the motion to dismiss was served on the attorneys for both defendants Kelley and Carender, but nothing before us indicates that upon the date set the respective motions were converted to motions for summary judgment pursuant to Rule 55.27(a) or Rule 55.28 by presentation of matters outside pleadings or by reception of evidence. In any event, some time after the date set for hearing on the motion, the trial court entered the following order:

"The Court does hereby sustain Defendant's, M. T. Carender and Pearl Carender, motion to dismiss Counts III and IV of Plaintiff's Petition."

It is elementary law that an appellate court must inquire sua sponte whether a final, appealable judgment has been entered, *Pizzo v. Pizzo*, 365 Mo. 1224, 1227, 295 S.W.2d 377, 379[1] (banc 1956); *Dudeck v. Ellis*, 376 S.W.2d 197, 204[1] (Mo.1964), because if no such final judgment has been

1. References to statutes and rules are to RSMo 1969 and Missouri Rules of Court (7th Ed. 1976), except where otherwise noted.

entered, the appeal is premature and must be dismissed. *Dudeck v. Ellis,* supra, 376 S.W.2d at 204[3].

 The general rule is that to be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the trial court has ordered a separate trial of any claim or issue or has specifically designated the particular judgment as a final judgment for the purposes of appeal. *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231[3] (Mo. banc 1969); *Dudeck v. Ellis,* supra, 376 S.W.2d at 204[3]; *Rakestraw v. Norris,* 469 S.W.2d 759, 761[2] (Mo. App.1971). The four counts pleaded in plaintiffs' petition all arise out of the same transaction or occurrence and the trial court's order granting the motion to dismiss or motion for summary judgment might have been a final judgment if the trial court had so designated it. *Spires v.Edgar,* 513 S.W.2d 372, 373–377 (Mo. banc 1974). However, the trial court's jurisdiction has not been extinguished; on the record presented it may correct errors or in its discretion may set aside the orders or judgments it has entered. *State ex rel. Schweitzer v. Greene,* supra, 438 S.W.2d at 232[5]; *Title Ins. Corp. of St. Louis v. United States,* 432 S.W.2d 787, 790[3] (Mo.App. 1968); and see *Woods v. Kansas City Club,* 386 S.W.2d 62, 63–64 (Mo. banc 1964). The appeal is therefore premature and must be dismissed.

All concur.