In the Matter of the **LITTLE CHARITON DRAINAGE DISTRICT, CHARITON COUNTY, Missouri.**

No. KCD 28522.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

William O'Donnell Lee, Phillip Caldwell Brown, Hunter, Chamier & Lee, Moberly, for appellant.

George S. Thompson, Salisbury, for respondents Board of Supervisors of Little Chariton Drainage Dist.

Michael L. Midyett, Midyett & Shea, Keytesville, for William H. Klingner d/b/a W. H. Klingner & Associates, Intervenor.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

Appellants here are petitioners seeking to dissolve a drainage district. The trial court entered an interlocutory order dissolving the district and ordering a financial statement to ascertain the need for an additional levy. The appeal purports to be from an order overruling the petitioners' objections to the trial court's expressed intention to levy a uniform tax under Section 242.140 RSMo 1969. No order directing a levy has been made. The appeal is dismissed; there is no final judgment.

The parties have filed a stipulated transcript on appeal in which the facts are undisputed. The Little Chariton Drainage District was incorporated in 1965, at which time a uniform tax of $1.00 per acre was levied pursuant to § 242.430 RSMo 1959, and the amount of $21,311.01 collected. The District entered into an agreement for engineering services with W. H. Klingner and Assoc., intervenors, in 1966. When the District was formed, it was contemplated that the United States Corps of Engineers would provide a substantial portion of the money required for construction of the proposed plan of reclamation. However, as a result of an environmental act passed by Congress in 1969, the Corps of Engineers abandoned its plan of reclamation of the District. At a District meeting in 1972, a majority of those present voted to go ahead with the work and on April 26, 1972, the District entered into a further agreement with W. H. Klingner and Assoc. for development and completion of a new plan of reclamation. At that time, the District was indebted to its engineers in the amount of $20,500 but had only about $3,000 in its treasury.

The engineers prepared a new plan of reclamation which was filed with the Circuit Court. The report of the Commissioners assessing damages and benefits from the plan showed benefits in excess of damages. Exceptions were filed by landowners, and petitions for dissolution of the District were filed. July 5, 1973, the court found that the petitioners for dissolution represented more than a majority of the acres of land in the District and ordered the District dissolved and a financial statement prepared so that the court could ascertain the need for the levy of a uniform tax to pay any obligations of the District. The financial statement filed September 21, 1973, showed the District's assets to be $1,736.52 with liabilities of $69,189.15, the principal debt being $61,011.99 owed to W. H. Klingner & Assoc.

March 21, 1974, the court apparently held a hearing on the objections of petitioners to any additional assessment against the land in the District to pay its indebtedness. The engineers had also filed a motion to intervene.

The exact language of the stipulation concerning this hearing is as follows:

"The Court held a hearing on May 21, 1974 on the objection of petitioners to any additional assessment against the land in the District to pay such indebtedness. The petitioners took the position that there was no authority under applicable statutes for such assessment. The Engineers were permitted to intervene and also be heard. Attached and marked as 'Exhibit G' is the Engineers' Motion for Leave to Intervene. On July 28, 1975 the Court entered its Order that the objections of the petitioners was overruled; a copy of the Court Order is attached and marked as 'Exhibit H'."

The court's minute entry is:

"July 28, 1975: Motion to intervene by W. H. Klinger sustained. Objections to making of additional levy overruled." (Exhibit H).

On January 27, 1976, this court entered an order permitting late filing of the notice of appeal under Rule 81.07. The petitioners had filed two days late because of mail delay in an earlier notice of appeal.

It is an axiomatic that a judgment or order is not final for the purpose of permitting an appeal unless it disposes of all the issues and all of the parties to a proceeding. *Caudle v. Kelley,* 545 S.W.2d 427 (Mo.App.1976). An appellate court has a duty to inquire *sua sponte* whether a final order or judgment has been issued. The judgment or order appealed from must be sufficiently fixed and certain in its terms to be susceptible of enforcement and be beyond the power of the trial court to change, modify, or amend after 30 days. *In Re Marriage of Michalski,* 542 S.W.2d 96 (Mo. App.1976). Obviously, the trial court here has not entered an order which is susceptible of enforcement, no order directing a levy has been made. Likewise, the trial court is not bound by its ruling on the objections to an order directing a specific levy or any levy.

The appeal is dismissed.

All concur.