Arle F. DALTON, David Dalton and
Pamela Dalton,
Plaintiffs-Appellants,

v.

Otto T. C. BORGER,
Defendant-Respondent.

No. 38772.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 21, 1978.

Shepherd & Weenick, Lawrence N. Weenick, Clayton, for plaintiffs-appellants.

David L. Zwart, St. Louis, for defendant-respondent.

PER CURIAM.

This is an appeal by plaintiffs-appellants, the Daltons, from a judgment entered on November 8, 1976, by the circuit court of the City of St. Louis dismissing two counts of plaintiffs' petition to establish a 1966 will of Otto Carl Paul Borger as a valid will and to declare a later 1972 will invalid.

The petition filed by the plaintiffs is in four counts. Counts I and II relate to the wills of 1966 and 1972 and seek to establish a September 2, 1966 will as "the true and valid Last Will and Testament" of Otto C. P. Borger and to declare a later 1972 will invalid because the document was not freely executed. Count III sought to set aside a trust instrument purportedly executed by Otto C. P. Borger on October 14, 1972, whereby he allegedly transferred all his real and personal property in trust to certain trustees to be transferred to beneficiaries after his death, and Count IV sought an accounting in the event the trust was found invalid.

On June 29, 1976, the defendant, Otto T. C. Borger, moved to dismiss Counts I and II of the petition for failure to state a cause of

action and for lack of jurisdiction over the subject matter.

On November 8, 1976, the circuit court sustained the motion to dismiss Counts I and II with prejudice but the record does not reflect that it designated the order as a final and appealable one under Rule 81.06. We are therefore faced with the initial inquiry as to whether there is a final, appealable order subject to review.

■ It is elementary that an appellate court must inquire sua sponte whether a final, appealable order has been entered. *Pizzo v. Pizzo*, 365 Mo. 1224, 295 S.W.2d 377, 379 (banc 1956). If no final judgment has been entered the appeal is premature and must be dismissed. *Dudeck v. Ellis*, 376 S.W.2d 197, 204 (Mo.1964). The general principle is that to be final and appealable a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the trial court has ordered a separate trial of any claim or issue or has specifically designated the particular judgment as a final judgment for purposes of appeal. *Caudle v. Kelley*, 545 S.W.2d 427, 429 (Mo.App.1976).

In *Byous v. Lawshee*, 475 S.W.2d 47 (Mo. 1972), it was held that, when the trial court did not dispose of a second count and did not designate the judgment a final one, the appeal was premature. *See also Scholz Homes, Inc. v. Clay Wideman & Sons, Inc.*, 524 S.W.2d 896 (Mo.App.1975). In *Caudle*, the court held that, where four counts were pleaded in the petition and the court granted a motion to dismiss two of the counts, there was no final, appealable judgment when the court did not designate it as final.

The appellants' jurisdictional statement in their brief states that the order of November 8, 1976, is an appealable judgment "under the provisions of Supreme Court Rule 81.06." No further elaboration is made substantiating this conclusion. On argument counsel for the parties indicated that the judgment was final and appealable.

The jurisdictional statement filed in this court states that a motion for separate trials was sustained, and a statement in the appellants' brief obliquely refers to an order of the trial court sustaining a motion of the defendant, Otto T. C. Borger, for separate trials of Counts I and II from Counts III and IV. These statements are not borne out by the record before us and such statement in the brief is not supported by any transcript reference. There is nothing in the record to indicate that the trial court sustained a motion for separate trials on Counts I and II.

The general statement in the appellants' brief that the order is appealable under the provisions of Rule 81.06 does not delineate the specific subsection or portion of that rule which makes the November 8, 1976 order a final and appealable one.

Rule 81.06 deals with three situations:

(1) When a separate trial of any claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict shall be deemed a final judgment for purposes of appeal.

(2) When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case, the judgment entered shall not be deemed a final judgment for purposes of appeal unless specifically so designated by the court in the judgment entered.

(3) When a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, the judgment entered shall be deemed a final judgment for purposes of appeal, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims are determined.

■ We are unable to discern from the record before us the applicable specific subprovision of Rule 81.06 which makes the order of November 8, 1976 a final, appealable judgment subject to our review. It is clear that the trial court in its November order did not designate the order dismissing Counts I and II as final and appealable, and

the record does not reflect that the trial court sustained any motion of defendant for separate trials of Counts I and II.

We are not able to determine from the record whether the separate hearing before the court on Counts I and II was "of an entirely separate and independent claim unrelated to any other claims" joined in the case. Rule 81.06.

We held in *State ex rel. Pisarek v. Dalton*, 549 S.W.2d 904, 906 (Mo.App.1977) that "if plaintiffs had requested, or should now request, the dismissal order to be so designated" as a final order, there was no "positive barrier" to its approval. *See also State ex rel. Scott v. Sanders*, 560 S.W.2d 899 (Mo.App.1978).

In the state of the record before us and in the absence of an appealable judgment, we are compelled to dismiss the appeal as premature.

The appeal is dismissed as premature.

All the Judges concur.