**Donna L. RAINES (Norbeck),**
**Plaintiff-Appellant,**

v.

**Carroll F. RAINES,**
**Defendant-Respondent.**

Nos. 11152, 11153.

Missouri Court of Appeals,
Southern District,
En Banc.

Nov. 9, 1979.

Daniel R. Devereaux, Devereaux & Stokes, St. Louis, for plaintiff-appellant.

Kerry Koboldt, Rolla, for defendant-respondent.

PER CURIAM:

We are once again confronted with a motion to dismiss the consolidated appeals

from orders of the Circuit Court of Phelps County in a proceeding for modification of the child custody provisions of a divorce decree. A previous appeal was dismissed on the ground that the orders in question lacked sufficient finality for appeal. *Raines v. Raines,* 567 S.W.2d 459 (Mo.App. 1978). For the reasons hereinafter stated, we find the present appeal to be subject to the same infirmity.

On February 9, 1978, the trial court entered an order directing appellant to surrender temporary custody of Jerry Randolph Raines to respondent Carroll F. Raines on June 15, 1978, and ordering respondent to pay $100 per month child support. On February 10, 1978, the court set aside, sua sponte, that portion of its order relating to child support. In our previous opinion, this court found that the composite effect of the two orders was to announce that the motion to modify was under advisement and that respondent was to have temporary custody of the child until August 21, 1978.

As noted, appellant's first appeal from the temporary custody order was dismissed for lack of finality on May 31, 1978. Thereafter, upon appellant's failure to deliver custody of the child to respondent on June 15, 1978 as ordered, and her failure to appear in response to a show cause order, the trial court, on July 26, 1978, issued an order directing the sheriff to apprehend appellant and bring her before the court.

Appellant has again filed a Notice of Appeal from the orders of February 9, 1978 and February 10, 1978, and a separate Notice of Appeal was filed from the order of July 26, 1978. This court has, on its own motion, ordered these appeals consolidated.

■ Turning first to the appealability of the temporary custody order, appellant contends that it became a final order upon the expiration of the temporary custody period on August 21, 1978. This contention is without merit. The original motion to mod-

ify the divorce decree is still before the trial court; it has not been ruled upon. A temporary child custody order executed prior to ruling on the motion to modify the permanent custody provisions of a divorce decree lacks sufficient finality to support appellate review. *Lipschitz v. Smith,* 459 S.W.2d 17, 18 (Mo.App.1970).

■ The order of July 26, 1978, which both parties have treated as a citation for contempt, directs the Sheriff of Phelps County to "apprehend the said Donna L. [Raines] Norbeck and produce the body of her before this court *to be dealt with according to law.*" (Emphasis ours). The order does not adjudge appellant guilty of contempt; indeed, the order is directed to the County Sheriff. Neither does the order purport to fix punishment by fine or commitment. It refers to appellant as the subject of some future action by the court. A decision of the court convicting a party of civil contempt, and imposing upon her a punishment therefor, is an appealable judgment. *In re Blankenship,* 553 S.W.2d 307 (Mo.App.1977). The order of July 26, 1978 does not meet these requirements; it does not finally dispose of all the issues and all of the parties to the proceeding. In the *Matter of Little Chariton Drain. Dist., Chariton Cty.,* 555 S.W.2d 77 (Mo.App.1977).

The orders in this case do not constitute a final, appealable judgment. Therefore, this court has no jurisdiction to consider the appeal and it should be dismissed. *Caudle v. Kelley,* 545 S.W.2d 427 (Mo.App.1976). It is so ordered.

All concur.