**MFA MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,**

**Western Insurance Company, Plaintiff-Appellant,**

**Jimmie Dale Clayton, Hirschbach Motor Lines and Beulah Sartin, Administratrix of the Estate of Stephen Lee Sell, Plaintiffs,**

v.

**HOME MUTUAL INSURANCE COMPANY, Larry Dixon Palmer, Dixon Palmer, and Larry McCoy, Defendants-Respondents.**

No. WD30881.

Missouri Court of Appeals, Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 9, 1980.

Ross Eshelman, Poague, Brock, Wall, Eshelman & Cox, Clinton, for plaintiff-appellant.

Don B. Roberson, William L. Yocum, Kansas City, for defendant-respondent Home Mutual Insurance Co.

William J. Cason, Michael X. Edgett, Fred R. Bunch, Clinton, for plaintiff-respondent MFA Mutual Insurance Co.

Before CLARK, P. J., DIXON and SOMERVILLE, JJ.

DIXON, Judge.

This litigation involving three insurance carriers and multiple individual parties ostensibly raises issues of uninsured motorist coverage and construction of a policy provision excluding coverage for a vehicle "furnished or available for regular use." In reality, the issue is the finality of the judgment.

Preliminary to the statement of the pleadings and the stipulated facts which will frame the issues, the identification of the individual parties, vis-a-vis the insurance carriers, will aid understanding.

The dispute arises out of claims for injury and damage occurring in a collision between a 1970 Dodge Charger operated by Stephen Sell, who was killed in the collision, and a vehicle owned and driven by Larry Ray McCoy and occupied by Larry Palmer as a

passenger. Nothing appears in the briefs concerning the facts of the collision.[1]

Home Mutual Insurance Company had issued a policy of insurance to Sell which described two vehicles, but not the 1970 Dodge. Larry Palmer is the son of Dixon Palmer who was an insured of MFA Insurance Company. The MFA policy was issued to Dixon Palmer on a Ford automobile which apparently was not involved in the collision. Dixon Palmer also had two policies of insurance with Western Fire Insurance Company on four other uninvolved vehicles. McCoy had a policy with Western insuring three vehicles, only one of which was involved in the instant collision. In summary, there are four policies involved in the case which insured ten vehicles.

MFA was the original plaintiff and filed its action contending it provided no uninsured motorist coverage to Larry Palmer. These pleadings asserted that Sell was insured by Home Mutual which had denied coverage to Sell and, thus, recovery to Larry Palmer. The defendants in that suit were Larry Palmer, Dixon Palmer, Home Mutual, and Sell's Administrator. Western then filed as plaintiff-intervenor, claiming that a controversy existed as to the coverage of the Western policies being extended to Larry Palmer, and asserting a controversy existed between Larry Palmer, Home Mutual, and Western as to coverage under Home Mutual's policy on Sell. These pleadings by Western are extremely sketchy. In a separate count, Western reiterated its claim of controversy between Larry McCoy and itself and Home Mutual. Home Mutual's answer was then filed which asserted, in relevant part to the present issues, that its policy did not cover Sell. Larry McCoy's answer to the Western petition alleged policy or policies were issued "on multiple vehicles," that McCoy was an insured as to uninsured motorist coverage under the "policies." McCoy pled that Sell was uninsured. Larry Palmer and his father, by answer to MFA's and Western's petitions as plaintiffs, asserted that each policy provided uninsured motorist coverage and that Larry Palmer and his father were "insureds" under the policies. Two other pleadings appear, one by Jimmie Dale Clayton and Hirschbach Motor Lines for property damage and one by Sell's Administrator for funeral expenses. Both of these pleadings address only Home Mutual's pleading and policy, and these parties have not appealed despite an adverse judgment so that these latter two pleadings raise no issues on this appeal.

To summarize and, hopefully, clarify the issues presented by these pleadings, the following issues were presented as affecting the various parties:

1. Did the Home Mutual policy cover Sell?

-affecting all parties

2. Did the MFA policy provide uninsured motorist coverage to Larry Palmer?

-affecting Larry Palmer and MFA

3. Did the Western Fire Insurance policies cover Larry McCoy and Larry Palmer under the uninsured motorist coverages?

-affecting Western, McCoy, and Larry Palmer

There was no specific pleading raising the issue of "stacking" under the various policies, nor of proration of coverage. The only language in the extremely sketchy pleadings of Western was the general issue of coverage "and, if so, the limits of coverage applicable."

The trial court answered the issues as follows:

1. It found no coverage under Home Mutual's policy;

2. It found no uninsured motorist coverage under MFA's policy;

---

1. Another vehicle may have been involved, one owned by Jimmie Dale Clayton who, together with Hirschbach Motor Lines, filed an entry of appearance and pled a property damage claim against Sell's Administrator. Reference to the Larry Palmer deposition would indicate McCoy was northbound on the highway following a semitruck when Sell, traveling in the opposite direction, came in contact with the truck and then struck the McCoy vehicle headon.

3. It found uninsured motorist coverage under all three Western Fire Insurance policies running to both Larry McCoy and Larry Palmer who were declared to be insureds under the three Western policies.

Only Western has appealed. The respondents are MFA and Home Mutual, and the individuals, Larry Palmer, Dixon Palmer, and Larry McCoy. The individual respondents have not briefed the case.

The issue dispositive of this appeal is the finality of the trial court judgment. Western contends that the trial court was presented with the issue of stacking under the Home Mutual and Western policies. The point is thus stated in Western's brief:

"III. The Court Erred in Failing to Rule on the Issue of Stacking of the Various Uninsured Motorist Coverages. This Issue Was Before the Court but Not Ruled on."

Western points to no pleading raising this issue but asserts the issue was presented to the trial court by a pre-trial stipulation of the parties. The reference is to the following colloquy:

"MR. ESHELMAN: . . . the second issue here, assuming . . . liability coverage by Home Mutual, . . . that there is nevertheless also coverage under the Western policies by reason of the fact that Home Mutual had previously denied liability coverage . . . .

.    .    .    .    .

MR. ESHELMAN: . . . The third issue is, if there is any uninsured motorist coverage provided by the Western policies for Mr. Murphy's clients, whether it is in lieu of or in addition to liability coverage under Home Mutual, there is the question of the extent to which Mr. McCoy and Mr. Palmer may stack U.M. coverages under the terms and provisions of the Western policies. It is stipulated by Western Insurance Company and the parties that Larry Palmer was a resident of the household and the son of the named insured, Dixon Palmer, in those Western policies.

MR. MURPHY: Well, to be even more specific, it is stipulated that Larry McCoy was at the time of this accident an insured of Western under the policies as designated in the stipulation and that Larry Dixon Palmer was also an insured under both the McCoy policy and the policy issued to Dixon Palmer, the father of Larry Palmer. If I may be a little more specific, Judge—I don't know if we need to be on the record about it or not.

THE COURT: Let's go off the record." No further mention of the stacking or proration issue appears.

Western urges this court to either resolve the issue or remand to the trial court that single issue after resolving the issues presented as to Home Mutual and MFA. Western says in its brief that the issues present "three questions:"

"[T]his point involves three questions never presented to a Missouri appellate court. First, may a passenger in one of several vehicles described in a policy in which he is neither named insured, spouse, nor relative, stack the coverages of that policy? I.e., can Palmer stack McCoy's three coverages, or is he limited to one of them? Second, may one who is neither named insured nor spouse, but merely the resident relative of a named insured, under a policy or policies insuring one or more vehicles which he is not occupying, stack one or more of those UM coverages on top of UM coverage available on the occupied vehicle? Third, if the answer to the second question is in the affirmative, how many such resident relative coverages may be stacked, and in what priority?"

Whatever the validity of the assertion that these issues and questions have not been resolved by an appellate court, they were certainly not resolved by the trial court. Under settled law, when a judgment does not dispose of all the parties *and* all the issues, it is not final. *Hays v. Missouri Pacific Railroad Co.*, 304 S.W.2d 800, 805–06 (Mo. 1957). There is a strong temptation to overlook the lack of finality after expending the reviewing and analytical effort to state the issues. This is particularly true

when the effort must be directed to a review of the pleadings and depositions filed to focus upon the dispositive issue of finality of judgment. It is nonetheless the duty of this court to sua sponte note the lack of finality in the judgment entered. *Anderson v. Metcalf*, 300 S.W.2d 377, 378 (Mo. 1957).

The Western urges that *Magenheim v. Board of Education of the School District of Riverview Gardens*, 347 S.W.2d 409 (Mo. App. 1961) permits this court to determine the issues which Western concedes the trial court did not decide. *Magenheim* is not a case where there was no finality of judgment. There was a judgment which, on appeal was reversed, and the reviewing court entered the judgment that the trial court should have entered, a function this court cannot perform where there is no final judgment.

Moreover, a determination of the issue of stacking or priorities is inappropriate when there is neither a trial court judgment nor a brief by the individual respondents supportive of that judgment.

The appeal is dismissed.

All concur.

### ON MOTION FOR REHEARING

### PER CURIAM.

Western Fire Insurance Company raised the issue of stacking of the various uninsured motorist coverages by a general pleading requesting a determination of the extent of liability under the Western policies and by stipulation. The stacking issue was briefed and argued before this court. In the motion for rehearing, Western makes the anomalous argument that the court below is without jurisdiction to determine the issue because the issue is not ripe for a decision. Western argues that any opinion of the court on the stacking question would be purely advisory without a stipulation of the parties or a judgment on the merits that would indicate a damage award to exceed the limits of coverage available on a single policy or vehicle.

Western, having belatedly realized the lack of finality on the stacking issue, seeks to abandon that issue and obtain a resolution of the issue as to coverage under the Home Mutual policy.

The trial court had jurisdiction to hear the issue of stacking. Western cites *Cameron Mutual Insurance Co. v. Madden*, 533 S.W.2d 538 (Mo. banc 1976), a case in which the issue of stacking was addressed in a declaratory judgment action. Although there was a stipulation as to damages in that case, the case did not raise or rule the issue of facts sufficient to support the declaratory judgment issue.

The facts in the instant case present a situation where there are not two insurance companies questioning the "primary" versus "secondary" coverage as is most often found in issue in stacking cases (and which the federal courts have suggested could, in the court's discretion, be held until a trial on the merits, *United States Fidelity & Guaranty Co. v. Millers Mutual Fire Insurance Co. of Texas*, 396 F.2d 569 (8th Cir. 1968) and *Mission Insurance Co. v. Mackey*, 340 F.Supp. 824 (W.D. Mo. 1971); but rather, only one company, Western, is questioning whether Palmer can stack three Western policies. This presents a question which is more akin to a limitation of liability issue, clearly appropriate under Missouri law in a declaratory judgment action. *Commonwealth Insurance Agency, Inc. v. Arnold*, 389 S.W.2d 803 (Mo. 1965) and *Farmers Alliance Mutual Insurance Co. v. Reed*, 530 S.W.2d 470 (Mo. App. 1975). In this case, it seems particularly appropriate to determine all of the coverage questions and the limits of liability, if any, prior to the trial of the underlying action. Indeed, that was Western's position until the issue of finality of judgment was noted in the opinion in this case.

The motion for rehearing is overruled.