**ESTATE OF John H. BOYER, Deceased, Plaintiff-Respondent,**

v.

**James W. BOYER, et al., Wavalene Rana Boyer, (now Williamson), Defendants-Appellants.**

No. 44383.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 12, 1982.

Jack C. Stewart and Mark T. Stoll, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, P.C., Hillsboro, for defendants-appellants.

Jeffry S. Thomsen, St. Louis, for plaintiff-respondent.

GUNN, Judge.

This appeal is but a scion of an involuted court-tried case to partition and quiet title to certain real estate in Jefferson County. The specific action of the trial court leading to this appeal is the dismissal of a crossclaim of a co-defendant to the original suit.

In spite of the dismissal of the crossclaim, other issues and parties remain. It would serve no useful purpose to delve into these matters, for they will no doubt be presented in another appellate proceeding for denouement at some later date and would only have a cluttering effect at this time. It is sufficient here to state that inasmuch as the order appealed from is not a final disposition of the parties and issues and has not been designated by the trial court as a final, appealable order, there is no proper appeal before us. *Reeves v. Smith*, 621 S.W.2d 534 (Mo.App.1981).

Appellant asserts § 512.020, RSMo 1978 as allowing appeals "from any interlocutory judgments in actions of partition which determine the rights of the parties." But

Rule 81.06 specifically limits the scope of § 512.020. This is not a jury trial nor did the trial court designate its order as a final judgment. *See MFA Mutual Insurance Co. v. Home Mutual Insurance Co.*, 600 S.W.2d 521, 523 (Mo.App.1980) (trial court not designating order as final and appealable). It is not a "separate and independent claim unrelated to any other claim stated." *See State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 927 (Mo.App.1978), and *Dalton v. Borger*, 562 S.W.2d 802, 803–04 (Mo.App.1978) (no appealable order where matter disposed of dependent on final outcome of undetermined issue). All claims pending before the trial court in this case are dependent on the ultimate and unresolved disposition of the land involved. Hence, appellant's cross-claim depends on remaining issues, and the trial court's dismissal of it is not appealable at this time.

Appeal dismissed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.