ACCEPTED
01-14-00686-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 2:49:19 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00686-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/29/2015 2:49:19 PM
CHRISTOPHER A. PRINE
Clerk

In The
Court of Appeals
For The
1st District of Texas

_____

KAMISHA DAVIS

*Appellant,*

v.

TEXAS FARM BUREAU INSURANCE

*Appellees.*
_____

On Appeal from the 127th Judicial District Court
Harris County, Texas
Trial Court No. 2013-22651
_____

**Appellant's Brief**
_____

Mestemaker, Straub & Zumwalt
David K. Mestemaker
dkm@msandz.com
SBN: 13974600
FBN: 14410
3100 Timmons Lane, Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8910
Counsel for Appellant

**Oral Argument Requested**

## Identity of Parties and Counsel

**<u>APPELLANT</u>**
David K. Mestemaker
dkm@msandz.com
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8910

*Appellant and Trial Counsel for KAMISHA DAVIS.*

**<u>APPELLEES</u>**
Louis Layrisson III
louie.layrisson@bakerbotts.com
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, Texas 77002-4995
Telephone: (713) 229-1421
Facsimile: (713) 229-7721

*Appellee and Trial Counsel for TEXAS FARM BUREAU INSURANCE*

# Table of Contents

**Identity of Parties and Counsel** ........................................................................ 2

**Index of Authorities** ........................................................................ 4-5

**Statement of Case** ........................................................................ 5

**Relevant Procedural Background** ........................................................................ 6

**Issues Presented** ........................................................................ 6

**Statement of Facts** ........................................................................ 7

**Summary of Argument** ........................................................................ 7

**Argument** ........................................................................ ….8

*Standard of Review* ........................................................................ 8

*A fact issue and more than a mere scintilla of evidence exists
precluding summary judgment on Appellant's breach of contract claim* ................ 8

*A fact issue and more than a mere scintilla of evidence exists
precluding summary judgment on Appellant's breach of contract claim* .............. 14

**Conclusion** ........................................................................ 17

**Prayer** ........................................................................ 19

**Certificate of Service** ........................................................................ 20

# Index of Authorities

## Cases

*B&W Sup. V. Beckman,*
305 S.W.3d 10 (Tex.App.-Houston [1st Dist.] 2009, pet. denied). …………………………9

*City of the Colony v. North Tex. Mun. Water Dist.,*
     272 S.W.3d 699 (Tex.App.-Fort Worth 2009, pet. dism'd) ……………………..10

*Collins v. Walker,*
     341 S.W.3d 579 (Tex.App.-Houston [14th Dist.] 2011, no pet.) …………………15

*David J. Sacks, P.C. v. Haden,*
     266 S.W.3d 447 (Tex.2008). ……………………………………………………..10

*DeClaire v. G&B McIntosh F.L.P.,*
     260 S.W.3d 34 (Tex.App.-Houston [1st Dist.] 2008, no pet.) ……………10, 11, 14

*DeSantis v. Wackenhut Corp.,*
     732 S.W.2d 29(Tex.App.-Houston [14th Dist.] 1987) rev'd in part on other
     grounds, 793 S.W.2d 670 (Tex.1990). …………………………………………….9

*English v. Fischer,*
     600 S.W.2d 521 (Tex. 1983). …………………………………………………….16

*Ferguson v. Building Materials Corp. of America, No.*
     08-0589 (Tex. Jul. 3, 2009) ……………………………………………………..8

*Kelly v. Rio Grande Computerland Grp.,*
     128 S.W.3d 759 (Tex.App.-El Paso 2004, no pet.). ……………………………..15

*Kennedy Ship & Repair, L.P. v. Pham,*
     210 S.W.3d 11 (Tex.App.-Houston [14th Dist.] 2006, no pet.). …………………11

*Meek v. Bishop Peterson & Sharp, P.C.,*
     919 S.W.2d 805 (Tex.App.-Houston [14th Dist.] 1996, writ denied). ……………9

*Municipal Admin. Servs. V. City of Beaumont,*
     969 S.W.2d 31 (Tex.App.-Texarkana 1998, no pet.) ……………………………12

*Nixon v. Mr. Prop. Mgmt. Co.,*
     690 S.W.2d 546, 548–49 (Tex. 1985). …………………………………...14, 17, 19

*Valencia v. Garza,*
>765 S.W.2d 893 (Tex. App.-San Antonio 1989, no writ). …………………………12

**Rules and Statutes**

RESTATEMENT (SECOND) OF CONTRACTS § 41 (1981) comment b ……………..12

TRCP 166a(c) .....………………………………………………………………………16

TRCP 166(a)(i) ..……………………………………………………………………………..16

## STATEMENT OF THE CASE

*Nature of the Case:*     Appellant/Plaintiff Kamisha Davis filed suit on or about April 16, 2013 against Appellee/Defendant Texas Farm Bureau Insurance seeking damages including, but not limited to, payment of a previously accepted settlement offer and interest, as well as attorney's fees. (CR 4-8) More specifically, Ms. Davis was injured in an accident caused by Jeremy Thomas, Appellee/Defendant's insured that occurred on August 26, 2009. (CR 58) On June 10, 2011, Appellee/Defendant offered Appellant/Plaintiff $12,000.00 to settle the matter. Plaintiff/Appellant accepted the offer on April 13, 2012. (CR 59) The offer made by Appellee/Defendant did not have a designated time period, nor did it have an expiration date. Appellee/Defendant never revoked the offer.

................................................................ ……………………

*Trial Court*:     The Honorable Al Bennett, 61st Judicial District Court, Harris

County, Texas

**_Trial Court's Disposition_:** Final Judgment in favor of Defendant.

## Relevant Procedural Background

Plaintiff filed her Original Petition and Request for Disclosure on April 16, 2013. (CR 4-8) Appellee/Defendant Texas Farm Bureau Insurance filed their Original Answer on or about July 25, 2013. (CR 16-19) Appellee/Defendant filed a Traditional and No-Evidence Motions for Summary Judgment on or about April 15, 2014. (CR 20-49) Appellant/Plaintiff timely filed a response to same on May 9, 2014. (CR 50-60) After a hearing on Defendant's Motions for Summary Judgment was held on May 23, 2014, an Order was signed on June 6, 2014 in favor of Defendant. (CR 65) Plaintiff timely filed her Motion for New Trial on July 3, 2014. (CR 66-92) Defendant filed their Response to the Motion for New Trial on July 9, 2014. (CR 93-97) Plaintiff's Motion for New Trial was set for submission on July 14, 2014. (CR 92) The trial court denied Plaintiff's Motion for New Trial on August 11, 2014. (CR 98) Plaintiff filed her Notice of Appeal on August 14, 2014. (CR 102-103)

## ISSUES PRESENTED

1. Did the trial court commit reversible error when it granted Defendant/Appellee's motion for summary judgment?

   a. Claiming there was neither a material fact issue nor more than a mere scintilla of evidence that Appellee breached an agreement.

   b. Claiming there was neither a material fact issue nor more than a mere scintilla of evidence that Appellee is liable to Appellant under the theory of promissory estoppel.

## STATEMENT OF FACTS

**To the Honorable Justices of the First Court of Appeals:**

Plaintiff was hit by a vehicle owned by Jeremy Thomas, Defendant's insured. (CR 5) Defendant made an offer on June 10, 2011, in an attempt to settle the case, in the amount of $12,000.00. (CR 58) Defendant did not limit the offer to a certain time frame in which Plaintiff had to accept. (Id.) Additionally, Defendant did not state that the offer would expire. (Id.) Moreover, Defendant never revoked the offer. The Defendant believed the offer was still good and open for acceptance even after a *Stowers* demand had been tendered. (CR 57)

On April 13, 2012, Plaintiff accepted Defendant's offer to settle the case for $12,000.00. (CR 59) Then, Defendant denied the offer on April 20, 2012, claiming that the offer had expired on the expiration of limitations of the underlying incident – not because of any other rejection, expiration of the offer, or any other legal theory (such as that which Appellee now claims that the offer ended by virtue of a *Stowers* demand). (CR 57) Plaintiff relied on the representations made by Defendant, which was an open ended offer to settle her case for $12,000.00. (CR 59) Defendant never revoked the offer to Plaintiff until after Plaintiff accepted the offer. (CR 57) Defendant has failed to make the offer of settlement good; Plaintiff relied on Defendant's promise to Plaintiff's detriment.

## SUMMARY OF THE ARGUMENT

First, the trial court erred when it granted Appellee's motion for summary judgment as to Appellant's breach of contract, as there are fact issues and more than a

mere scintilla of evidence that there was an offer and an acceptance, the most basic principles of contract law.

Second, the trial court erred when it granted Appellee's motion for summary judgment as to Appellant's promissory estoppel claims, as there are fact issues and more than a mere scintilla of evidence that there was a promise, foreseeability of reliance by the Appellee promisor, and substantial reliance on the promise to Appellant's detriment.

Accordingly, Appellant moves this Court to remand this case to the trial court for a trial on the issues.

## ARGUMENT

## Standard of Review

A grant of summary judgment is reviewed de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.,* 253 S.W.3d 184, 192 (Tex. 2007). *Ferguson v. Building Materials Corp. of America,* No. 08-0589 (Tex. Jul. 3, 2009)(per curiam) (judicial estoppel based on bankruptcy proceeding held inapplicable.)

**A fact issue and more than a mere scintilla of evidence exists regarding whether or not Appellee breached its contract with Appellant.**

1.      As to the breach of contract issue, the Court will see that the most basic elements of breach of contract exist. There was a promise by Appellee (CR 58) to pay Appellant $12,000.00 to extinguish the claims against Appellee's insured. Furthermore, there was an acceptance of that offer. (CR 59) Appellee's explanation for not honoring the offer of settlement is that a *Stowers* demand acted as a counter-offer and rejection of

the $12,000.00 settlement and that Appellant's acceptance of the offer was not made in a reasonable period of time. (CR 63)

2.     Whether a Defendant breached a contract is a question of law for the court. *DeSantis v. Wackenhut Corp.*, 732 S.W.2d 29, 34 (Tex. App.-Houston [14th Dist.] 1987) rev'd in part on other grounds, 793 S.W.2d 670 (Tex.1990); See *B&W Sup. V. Beckman*, 305 S.W.3d 10, 16 (Tex. App.-Houston [1st Dist.] 2009, pet. denied). **However, if there is a dispute concerning the failure of a party to comply with the contract, the court should submit the disputed fact question to the jury.** *Meek v. Bishop Peterson & Sharp, P.C.,* 919 S.W.2d 805, 808 (Tex. App.-Houston [14th Dist.] 1996, writ denied).

3.     Appellant believes a timeline of the relevant events will be beneficial for the Court to understand the issues.

August 26, 2009 – Motor Vehicle accident between Appellant and Appellee's insured. (CR 57, 58)

June 10, 2011 – Offer was made by Appellee to settle the claims for $12,000.00 (CR 58)

July 28, 2011 – *Stowers* Demand was tendered to Appellee by Appellant's previous counsel prior to lawsuit being filed. (CR 46)

August 25, 2011 – Statute of limitations expires as to underlying claim. (CR 57, 58)

April 13, 2012 – Offer of settlement accepted by Appellant's counsel. (CR 59)

April 20, 2012 – Letter sent by Appellee claiming offer expired on the expiration of limitations. (CR 57)

4.   While normally a counteroffer (including a *Stowers* demand) could be construed as a rejection of an offer, this Court will see that was not the intention of the parties. As this Court well knows, to form a binding contract, the parties must have mutual assent, or a "meeting of the minds," on the essential terms of a contract. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex.2008). Meeting of the minds refers to the parties' mutual understanding of an assent to the subject matter and essential terms of the contract. *City of the Colony v. North Tex. Mun. Water Dist.,* 272 S.W.3d 699, 720 (Tex. App.-Fort Worth 2009, pet. dism'd). In this case, the essential term of the contract is the date the offer expired, if ever.

5.   While Appellee has hinged its entire argument on the claim that the offer was rejected when the *Stowers* demand was made, this Court will see that is not what the parties' conduct proves. Appellant reminds the Court that in determining whether the parties had a meeting of the minds is an objective determination **based on the parties' statements and actions**, not on their subjective state of mind. *DeClaire v. G&B McIntosh F.L.P.,* 260 S.W.3d 34, 44 (Tex. App.-Houston [1st Dist.] 2008, no pet.)

6.   In this case, the Court can easily determine the Appellee did not take the *Stowers* demand as a rejection of the $12,000.00 offer and to the extent it claims Appellee did, Appellee's offer was re-offered even after the *Stowers* demand was made based on Appellee's own statements. This is verified by the correspondence sent to Appellant after she attempted to accept the offer and states the following:

> *This will acknowledge receipt of your letter dated April 13, 2012 on the above named client. Our offer expired on the two year anniversary from the date of accident 8-26-2009;*

-10-

*therefore, we are respectfully declining your client's claim.*
(CR 57)

7. As the Court will see, the Appellee's statements and actions (as discussed in *DeClaire*) clearly and unequivocally show that the offer was open to acceptance, though the *Stowers* demand had been made nine months earlier. In fact, Appellee's sole justification for denying the viability of the acceptance was not that the offer had been previously rejected by virtue of the *Stowers* demand – but that limitations had expired. More importantly, the correspondence specifically proves that the offer was open (thus not viewed as rejected) by stating that the offer was still available to the end of the two year statute: almost an entire month after the *Stowers* demand was made.

8. So, as much as Appellee claims the *Stowers* was a rejection of its $12,000.00 offer, their statements and actions prove that either the *Stowers* demand was not considered a rejection by the Appellee or to the extent it was, the offer was re-opened and made to Appellant even after the *Stowers* was tendered.

9. It bears noting that the "expires at limitations" clause was never mentioned to Appellant in writing or verbally.

10. Appellee's secondary explanation for not making good on the offer of settlement was that the acceptance of the offer was not made in a reasonable time. As the Court will see, the law does not support this position.

11. Generally, time is not of the essence in a contract. *Kennedy Ship & Repair, L.P. v. Pham,* 210 S.W.3d 11, 19 (Tex. App.-Houston [14th Dist.] 2006, no pet.). Any intention to make time of the essence must be clear from the contract as a whole.

-11-

*Municipal Admin. Servs. V. City of Beaumont,* 969 S.W.2d 31, 36 (Tex. App.-Texarkana 1998, no pet.)

12.     As the Court will see, the offer to settle did not have an expiration date nor did it state that "time is of the essence". The letter in its entirety reads as follows:

> *This will acknowledge receipt of your letter dated June 9, 2011, wherein you made a demand of $22,500.00 to settle your client's claim.*
> *After careful review and evaluation of the information you have submitted, we believe this claim has a value of $12,000.00.*
> *Please inform us of your client's response.*
> *Sincerely, ... (CR 58)*

13.     As the Court can see, there is no expiration date nor is there a mention that the offer will expire on the expiration of limitations as was claimed later. There is not even a request for Appellant to let Appellee "know as soon as possible". While an offer may expire after a reasonable time, what is reasonable time is a fact question, depending on all the circumstances existing when the offer and attempted acceptance were made. Some factors to be considered are: the nature of the proposed contract; the purposes of the parties; and the course of dealing between them. See *Valencia v. Garza*, 765 S.W.2d 893, 897 citing RESTATEMENT (SECOND) OF CONTRACTS § 41 (1981) comment b. So, to the extent Movant argues the offer expired, this issue is a question of fact and not summary judgment fodder.

14.     Finally, Appellee's arguments regarding the expiration of the offer conflict with one another and the disingenuous nature of Appellee's claims become clear. As was stated initially by Appellee's representative, the offer was revoked by virtue of an

-12-

expiration of limitations. There was no mention of the *Stowers* demand acting as a rejection and in fact, it is clear the acceptance would have been accepted despite the *Stowers* demand, so long as it was made prior to the expiration of limitations.

15. Later, once legal counsel became involved, a tactical decision was made by Appellee to claim that the offer expired by virtue of the *Stowers* demand acting as a rejection. As the Court can see by the correspondence cited *supra*, this was not the Appellee's real position or belief, but an attempt to recast the facts. Furthermore, Appellee now conveniently argues that to the extent it was an acceptance, nine months is too long of a time and thus the acceptance was not made in a reasonable amount of time.

16. This "reasonable amount of time" argument also fails with only the slightest scrutiny. As is shown by Appellee's correspondence, its offer to settle remained open until expirations expired. Under this belief, if an offer to settle was made only one month after an accident occurred, the offer would be open for twenty three months – according to Appellee's correspondence. In that light, nine months (as in the instant case) – less than half of that available of an offer made one month after a collision, is not unreasonable at all.

17. As the Court can see, the inconsistencies of Appellee's arguments are glaring. What becomes abundantly clear is that the only intent by Appellee to withdraw the offer was not by virtue of the *Stowers* demand or not to leave it open for only a reasonable time of something less than nine months. What the Appellee intended to do was to make an offer that expired upon the expiration of limitations. Unfortunately, for Appellee and its settlement offer, it failed to state there was a deadline and it failed to

even state generically that "time was of the essence". Appellee's counsel's argument after the fact cannot withstand the slightest scrutiny and the fact Appellee is attempting an about-face now is telling as to what their intent was then.

18.     Appellant reminds the Court that in determining whether the parties had a meeting of the minds regarding the terms of an agreement is an objective determination **based on the parties' statements and actions**, not on their subjective state of mind. *DeClaire v. G&B McIntosh F.L.P.,* 260 S.W.3d 34, 44 (Tex. App.-Houston [1st Dist.] 2008, no pet.) Nor is it based on their attorney's tactical decisions in an effort to avoid liability after the fact. Clearly, every reasonable inference was not indulged in favor of the non-movant as Texas caselaw has long held. See, e.g., *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985).

**A fact issue and more than a mere scintilla of evidence exists regarding whether or not Appellee is liable under the theory of promissory estoppel.**

19.     Though it is clear that more than a mere scintilla of evidence and a fact issue preclude summary judgment on Appellant's breach of contract claims, dismissal of Appellant's claims based on promissory estoppel is also without support.

20.     In the unlikely event this Court believes that there is not adequate evidence or the existence of a material fact to preclude summary judgment on the breach of contract claims, dismissal of Plaintiff's claims under the theory of promissory estoppel are clearly not in order.

21.     In fact, a Plaintiff can bring a claim for promissory estoppel to enforce a promise when some of the elements necessary to create a legal contract are missing. See

*Kelly v. Rio Grande Computerland Grp.,* 128 S.W.3d 759, 769 (Tex. App.-El Paso 2004, no pet.).

22.     The elements of promissory estoppel are (1) The Defendant made a promise to Plaintiff; (2) The Plaintiff reasonably and substantially relied on the promise to its detriment; (3) The Plaintiff's reliance was foreseeable by the Defendant; and, (4) Injustice can be avoided only by enforcing the Defendant's promise. *Collins v. Walker,* 341 S.W.3d 579, 573-74 (Tex. App.-Houston [14th Dist.] 2011, no pet.) As the Court can see, whether or not a counter-offer was a rejection or whether or not the acceptance of the offer was made timely is not a requirement to recover under promissory estoppel.

23.     Appellee has never argued that an offer to settle (the underlying promise) was not made. In fact, the promise is properly before the Court in that in exchange to settle Appellant's claims, she would be given $12,000.00. (CR 58)

24.     There is no question that Appellant relied on the promise to settle her case for $12,000.00. Limitations had run in this matter at the time the offer was accepted, so the settlement offer was Appellant's sole opportunity for recovery. Appellee has never argued that the promise to settle the case was not relied on by the Appellant.

25.     Next, the reliance to settle the case for $12,000.00 was foreseeable. It was not an offer that was unforeseeable. It was a nominal offer to settle a case by an insured's carrier to Appellant who was injured as a result of the negligence of the insured. The amount of the settlement was not so ridiculous as to render the likely reliance on the offer unforeseeable and the fact that the offer came from the insured's carrier also made reliance foreseeable.

26.     Finally, enforcing the promise to settle the case is the only way in which an injustice can be avoided. As stated above, limitations in this matter has run. The only opportunity Appellant has to recover for the damages she suffered as a result of its insured's negligence is if Appellee is forced to tender the settlement amount that was offered.

27.     First, summary judgment on the issue of promissory estoppel was barely urged by the Appellee. In fact, to the extent it was, it was done so contrary to Texas case law.

28.     Appellee's sole mention of summary judgment based on promissory estoppel is as follows:

> *To prevail on a claim of promissory estoppel, Plaintiff must establish "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (substantial reliance by the promise to his detriment." English v. Fischer, 600 S.W.2d 521, 524 9Tex. 1983); Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 378-79 (Tex. App.-Houston [1st Dist.] 2007 no pet.). Because Plaintiff cannot establish any of these elements, Plaintiff's promissory estoppel claim against Texas Farm Bureau should be dismissed.* (CR 26)

29.     This is the entirety of Appellee's argument for summary judgment as to Appellant's promissory estoppel claims and there is no specific identification as to which elements are lacking.

30.     When a no-evidence motion for summary judgment does not challenge the specific elements, it should be treated as a traditional motion for summary judgment under TRCP 166a(c), which imposes the burden on the movant, not as a motion under TRCP 166(a)(i), which imposes the burden on the non-movant. See *Weaver v. Highlands*

*Ins. Co.,* 4 S.W.3d 816, 819 (Tex. App.-Corpus Christi 2002, no pet.) **More importantly, the motion cannot be conclusory or generally allege that there is no evidence to support the non-movant's claim or defense**. *Timpte Indus. V. Gish*, 286 S.W.3d 306, 310 (Tex.2009).

31.    Appellee's motion regarding Plaintiff's claims for relief via promissory estoppel contains no analysis, no facts and no caselaw supporting its position, and Appellee makes no cogent arguments justifying why summary judgment should be granted. **In fact, the motions do nothing more than generally allege there is no evidence of promissory estoppel that *Timpte Indus, Inc*. specifically precludes**. In other words, a party cannot simply roll out a motion for summary judgment by reciting the elements, then requiring the Court to do the heavy lifting for them. Appellee did not sustain its burden as is required to obtain a no-evidence summary judgment.

32.    Accordingly, the summary judgment regarding promissory estoppel was not pled with facts sufficient for it to be granted. To the extent it was considered, a proper analysis was clearly withheld. Clearly, every reasonable inference was not indulged in favor of the non-movant as Texas caselaw has long held. See, e.g., *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). The trial court's judgment must be reversed.

**Conclusion**

33.    So, clearly there is more than a mere scintilla of evidence and fact issues that preclude summary judgment on Appellee's motions for summary judgment regarding Appellant's breach of contract claims. Fact issues abound and the arguments urged by

Appellee's counsel do not trump statements made by their client regarding how they concluded the offer of settlement was withdrawn. Their claim that the offer was withdrawn by virtue of limitations (a position they never advanced until after the offer was accepted) is evidence that their belief was that the offer was open even after the *Stowers* demand and is telling as to their mindset.

34.  Appellant reminds the Court that caselaw holds it is the statements and actions by a party – not their subjective belief, that determine the terms of the agreement. Clearly, neither Appellant nor Appellee believed and acted as though the *Stowers* demand was a rejection. To the extent the law suggests otherwise, in circumstances where the parties are silent, there was no silence here. The only mechanism by which Appellee believed its offer was revoked was by virtue of the expiration of limitations, and this can be no clearer.

35.  As to the issue of whether or not the offer was accepted in a reasonable time, this is clearly a fact issue for the jury and not an issue to be decided by summary judgment. The gap between when the offer was made and accepted is approximately nine months and not nine years. In fact, based on the correspondence of the Appellee stating that an offer was open until the expiration of limitations, an offer could be open for over twenty months (assuming an offer was made soon after the accident that forms the basis of the lawsuit), so long as it was accepted prior to the expiration of limitations. Considering the expiration of limitations assertion by Appellee, the acceptance of an offer only nine months latter does not seem unreasonable at all, contrary to what Appellee argued to the trial court.

36.     Finally, Appellee's summary judgment regarding promissory estoppel is flawed procedurally and substantively. Procedurally, general comments do not a proper no evidence summary judgment make. Substantively, the equitable cause of action should not have been dismissed given the facts and circumstances regarding this case. Clearly, there was reliance by Appellant on Appellee's promise to settle the case for $12,000.00. With limitations now expired, justice can only be avoided by enforcing the offer to settle that contained no deadline for acceptance nor any clause that required acceptance prior to the expiration of limitations.

37.     The standard of review for a traditional summary judgment is well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is therefore entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in the non-movant's favor. See, e.g., *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Clearly, every reasonable inference was not indulged in favor of the non-movant as Texas caselaw has long held.

**Prayer**

For these reasons Appellant, moves this Court to reverse the trial court's summary judgment and remand the case for a trial on the merits.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT

-19-

                              */s/ David K. Mestemaker*
By:_____
     David K. Mestemaker
     dkm@msandz.com
     TBN 13974600
     FBN 14410
     3100 Timmons Lane, Suite 455
     Houston, Texas 77027
     (713) 626-8900 Telephone
     (713) 626-8910 Telecopier

            ATTORNEY FOR APPELLANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on:

Louis Layrisson III
louie.layrisson@bakerbotts.com
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, Texas 77002-4995

In compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, on this 29th day of January, 2015.

                              */s/ David K. Mestemaker*
                              _____
                              David K. Mestemaker