241 S.W.2d 1007 (1951)
DOWNEY et al.
v.
UNITED WEATHERPROOFING, Inc. et al.
No. 42418.
Supreme Court of Missouri, Division No. 1.
September 10, 1951.
Norman, Foulke & Warten, Joplin, for appellants.
Keller, Burnett & Wilbert, Pittsburg, Kan., Bond & Bond, Ray Bond and John S. Bond, all of Joplin, for respondent, United Weatherproofing, Inc.
COIL, Commissioner.
Plaintiffs-appellants, by a first amended petition in three counts, sued defendantrespondent corporation and two individuals, seeking damages and injunctive relief. Defendant corporation filed its separate motion to dismiss each count of plaintiffs' first amended petition on the ground that each count failed to state a claim upon which relief could be granted against the corporate defendant. The separate motion was sustained and a judgment of dismissal entered as between plaintiffs and defendant corporation, from which judgment plaintiffs have appealed.
The transcript of the record does not disclose any disposition of the cause as to the individual defendants. Inquiry directed to the clerk of the trial court confirms the fact that there has been no disposition as to the individual defendants. Respondents' brief contains the statement that the corporate defendant was the only one served and "The other defendants, towit: V. A. Walker and L. W. Steetle were never served with process and are not parties to this action at this time." Obviously, however, the individual defendants are still parties to the action at this time. Failure to have served process on them by any given time, without any action or disposition as to such defendants by the trial court, would not eliminate them as parties to this action at this time. A party to an action is a person whose name is designated on the record as plaintiff or defendant. 67 C.J.S., Parties, § 1b(2), p. 888.
No disposition having been made as to certain of the parties, we are forced to dismiss this appeal as premature. No final, appealable judgment has been entered in the case. The cause remains pending and undisposed of as between plaintiffs and the individual defendants. Mo.R.S. 1949, § 512.020; Webster v. Sterling Finance Co., Mo.Sup., 165 S.W.2d 688 and cases there cited; Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo.Sup., 215 S.W.2d 444; Wicker v. Knox Glass Associates, Mo.Sup., 242 S.W.2d 566, and cases there cited.
The appeal is dismissed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL C., is adopted as the opinion of the court
All concur.