**Jess FREEZE, Appellant,**

v.

**Ferrel SNIDER, Nadeen Snider and Ella Freeze, Respondents.**

**No. 52858.**

Supreme Court of Missouri,
Division No. 2.

July 8, 1968.

William E. Seay, Salem, for respondents.

Dorman L. Steelman, Salem, Robert B. Baker, Ellington, for appellant.

HENRY J. WESTHUES, Special Commissioner.

On February 26, 1964, plaintiff Jess Freeze filed a petition in the Circuit Court of Dent County, Missouri, against his son-in-law and his daughter, Ferrel and Nadeen Snider, to recover $20,000 which he alleged belonged to him and which had been converted by the defendants to their own use.

On November 30, 1965, a jury was sworn to try the case but, after the opening statement by defendants' counsel, plaintiff asked the court to permit him to join his wife Ella as a defendant. Defendants then asked for a continuance which was granted.

On December 31, 1965, plaintiff filed his first amended petition joining his wife as a defendant. Thereafter, various motions and pleadings were filed but we shall by-pass them and direct our attention to the pleadings upon which the case was tried.

On May 23, 1966, plaintiff filed his third amended petition wherein he alleged that his wife, Ella, and Ferrel and Nadeen Snider, on January 23, 1960, removed from plaintiff's home $20,000 in currency be-

longing to plaintiff and fraudently converted the same to their own use.

To this petition, defendants filed an answer. However, plaintiff's wife Ella filed a counterclaim, claiming that plaintiff had possession of her property of the value of $25,000 and asking judgment for that amount. Defendant Ella admitted in her answer that she had found $7,000 in the home on January 23, 1960, but claimed that it was her money.

A trial was had and a jury returned a verdict against plaintiff on his petition and a verdict against defendant Ella on her counterclaim. Judgment was entered on that verdict.

Plaintiff filed a motion for a new trial which was overruled, and he appealed. Defendant Ella Freeze did not file a motion for new trial.

Plaintiff, in his motion for a new trial and in his brief, claims that the verdict was incomplete because the jury did not return a verdict for or against the Sniders. There was no judgment as to the Sniders. The trial court did submit instructions on the merits and forms of verdicts as to the Sniders but the jury made no finding as to them.

█ It is evident that there is no final judgment in this case as would justify an appeal. To authorize an appeal, a judgment must dispose of all the parties and all issues. Bays v. Lueth, Mo., 323 S.W.2d 236; Cooper v. Barr, Mo., 413 S.W.2d 219.

█ In the case before us, the issue of liability as to the Sniders was not determined. Further, according to the record, the Sniders as party-defendants did not have their rights determined and plaintiff's claim was not disposed of as to them.

The appeal, being premature, is hereby dismissed.

It is so ordered.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.