ALLSTATE INSURANCE COMPANY,
Plaintiff-Appellant (in Case
No. 10297),

v.

NORTHWESTERN NATIONAL INSUR-
ANCE COMPANY OF MILWAUKEE,
WISCONSIN, a corporation, Defendant-
Respondent,

and

Farmers Insurance Company, Inc., a
corporation, Defendant-Appellant
(in Case No. 10316),

and

Sheryl Lynn Wilson et al., Defendants-Ap-
pellants (in Case No. 10321),

and

Gregory Palmer Hayes,
Defendant-Respondent.

Nos. 10297, 10316 and 10321.

Missouri Court of Appeals,
Springfield District.

July 12, 1976.

Donald E. Bonacker, Springfield, for plaintiff-appellant.

Malcolm L. Robertson, Joplin, for defendant-respondent Northwestern National Life Ins. Co. of Milwaukee, Wis.

Wallace N. Springer, Jr., Springfield, for defendant-appellant Farmers Ins. Co., Inc.

A. L. Shortridge, Joplin, for defendants-appellants Sheryl Lynn Wilson et al.

Thad McCanse, Carthage, Grant W. Scott, Joplin, for defendant-respondent Gregory Palmer Hayes.

PER CURIAM.

On the 14th day of October, 1975, appellant Allstate Insurance Co. filed its first amended petition for declaratory judgment and named therein all of the above defendants. Defendant Farmers Insurance Co., Inc. answered the petition and appeared at trial. In due course, the cause was heard and a purported judgment was entered which touched all the parties save Farmers Insurance Co., Inc.

In Missouri, the right of appeal is a statutory creation and extends to parties aggrieved by a final judgment. § 512.020 V.A.M.S. It is the duty of an appellate court to examine the judgment for finality before proceeding to an adjudication of the merits. In the case at bar, the judgment fails to dispose of all the parties. *Wile v. Donovan*, 514 S.W.2d 177, 178[2–3] (Mo. App.1974).

Accordingly, the appeal is dismissed.

All concur.