Fred G. JONES and Mrs. Fred G. Jones, Plaintiffs-Respondents,

v.

Melburn N. WASHBURN, Defendant-Appellant.

No. 10088.

Missouri Court of Appeals, Springfield District.

Jan. 3, 1978.

Arthur B. Cohn, Waynesville, for plaintiffs-respondents.

B. H. Clampett, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

STONE, Judge.

Plaintiffs Fred G. Jones and Mrs. Fred G. Jones instituted this action in the Circuit Court of Pulaski County against defendant Melburn N. Washburn for the alleged wrongful death of Charly Jones, then 17 years of age, who, while a pedestrian on the paved roadway of the Fort Wood Spur, died as the result of injuries sustained when struck by an automobile owned and then being driven by defendant Melburn N. Washburn. In their petition plaintiffs averred, inter alia, that they were "the mother and father of Charly Jones" and, as such, prayed damages in the sum of $50,000.

After the issues had been joined but prior to trial, defendant filed a "Motion to Strike" plaintiff Fred G. Jones as a party to the suit because (so the motion averred) "he is the stepfather of the deceased, Charly Jones" and, as such, was not entitled to join in an action for the alleged wrongful death of Charly [§ 537.080, V.A.M.S.]; but, this motion was not ruled then or thereafter.

On the same day, the parties proceeded to trial before the court and jury; and, in his opening statement to the jury, plaintiffs' counsel identified himself by name and then declared that "I represent *Mr.* and Mrs. Fred Jones in regards to *their* claim for damages on the wrongful death, that we claim of *their* son. . . ." (Emphasis ours)

The case was submitted to the jury upon instructions which made no reference to plaintiff Fred G. Jones and the jury returned a verdict in favor of "plaintiff Mrs. Fred Jones and against the defendant," upon which a judgment, likewise making no mention of Fred G. Jones, was entered.

The posttrial motions and orders in the circuit court of which we have copies, the notice of appeal, all applications and motions in this court, and the printed briefs of opposing counsel on appeal have one characteristic in common, i. e., each and all bear the same caption showing Fred G. Jones and Mrs. Fred G. Jones as plaintiffs and Melburn N. Washburn as defendant.[1]

Although no issue concerning the finality and appealability of the judgment entered in the circuit court has been raised here by counsel for either plaintiffs or de-

---

1. Counsel for defendant-appellant in this court did not represent defendant in the circuit court.

fendant, it is our duty in every case to inquire and determine, ex mero motu, whether a final appealable judgment was entered in the court nisi. *Beuttenmuller v. Vess Bottling Co. of St. Louis,* 395 S.W.2d 204, 205(1) (Mo.1965); *Dudeck v. Ellis,* 376 S.W.2d 197, 204(1) (Mo.1964); *Caudle v. Kelley,* 545 S.W.2d 427, 428(1) (Mo.App. 1976).

■ The right of appeal is purely statutory [Rule 81.01, V.A.M.R.; *Kansas City Power & Light Co. v. Kansas City,* 426 S.W.2d 105, 107(2) (Mo.1968); *Cochran v. DeShazo,* 538 S.W.2d 598, 600(3) (Mo.App. 1976)]; and, as relevant here, § 512.020, V.A.M.S., grants such right of appeal only to parties who may be aggrieved by "any final judgment in the case," a judgment being defined as "the final determination of the rights of the parties in the action." Rule 74.01; § 512.020. To be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for further determination. *Elliott v. Harris,* 423 S.W.2d 831, 832(1) (Mo. banc 1968); *New Age Federal Savings and Loan Ass'n v. Miller,* 461 S.W.2d 876, 878 (Mo. 1970); *Freeze v. Snider,* 429 S.W.2d 257, 258(1) (Mo.1968); *Bennett v. Wood,* 239 S.W.2d 325, 327(3) (Mo.1951); *Hanover Fire Ins. Co. v. Commercial Standard Ins. Co.,* 215 S.W.2d 444, 445(2) (Mo.1948); *Federal Deposit Ins. Corp. v. Crismon,* 516 S.W.2d 57, 58(2) (Mo.App.1974).

■ In the case at bar, it is clear that Fred G. Jones has been at all times since institution of suit, and still is, a party plaintiff, and that the judgment nisi did not dispose of him. In these circumstances, there is no final and appealable judgment, and we have no alternative to dismissal of the appeal [*Claspill v. Craig,* 546 S.W.2d 202 (Mo.App.1977); *Allstate Insurance Co. v. Northwestern National Ins. Co. of Milwaukee, Wisconsin,* 539 S.W.2d 118 (Mo.App. 1976); *Wile v. Donovan,* 514 S.W.2d 177, 178(3) (Mo.App.1974); *Lewis v. Esselman,* 512 S.W.2d 423, 424 (Mo.App.1974); *Barton v. City of Ellisville,* 504 S.W.2d 202(2) (Mo. App.1973)], "which has the effect of reinstating the cause in the trial court." *Haller*

*v. Shaw,* 555 S.W.2d 703, 704(3) (Mo.App. 1977).

Defendant's appeal is dismissed.

BILLINGS, C. J., and TITUS, J., concur.