Edward R. HALEY, Executor of the Estate of Marie Thompson, Deceased, Plaintiff-Appellant,

v.

CITY OF LINN CREEK, Missouri, Vera Fairchild and Grand Glaize Airways, Inc., Defendants-Respondents.

No. 11155.

Missouri Court of Appeals, Southern District, En Banc.

June 19, 1979.

John F. Low, Low & Honssinger, Lebanon, for plaintiff-appellant.

Charles E. McElyea, Phillips, McElyea, Walker & Carpenter, Camdenton, for defendants-respondents.

TITUS, Judge.

Marie Thompson, as plaintiff, brought this action in five counts against the City of Linn Creek, Missouri, Vera Fairchild, and Grand Glaize Airways, Inc., seeking cancellation of certain leases and contracts, an accounting for rents and profits and additional relief.

After trial but prior to entry of judgment by the circuit court, Marie died. Thereafter, on May 18, 1978, the court entered judgment in the name of the deceased plaintiff, finding for her on some issues and against her on others. On June 1, 1978, decedent's former attorney filed a suggestion of Marie's death and a motion for substitution of parties in the trial court. An order substituting Edward Haley, the decedent's executor, as plaintiff in the cause was issued on June 13, 1978. Haley now brings this appeal from the judgment of the circuit court.

The right of appeal is purely statutory [Rule 81.01, V.A.M.R.; *Jones v. Washburn*, 560 S.W.2d 604, 606 (Mo.App. 1978)], and the relevant portion of § 512.-020, RSMo 1978, grants a right of appeal only to parties aggrieved by "any final judgment in the case." While the finality of the judgment has not been questioned by any party to this appeal, we have a duty to inquire and determine, ex mero motu, whether a final appealable judgment has been rendered by the trial court, and the appeal must be dismissed, sua sponte, if finality is found lacking. *Jones v. Washburn*, supra, 560 S.W.2d at 605–606; *Caudle v. Kelley*, 545 S.W.2d 427, 428–429 (Mo.App. 1976).

The judgment entered by the trial court has never been amended to reflect the substitution of Edward Haley as plaintiff in the cause. It remains a judgment for and against a dead person. While substitution of parties upon the death of a litigant may allow continuation of an action in a proper case (§ 507.100, RSMo 1978), it is apparent that no valid judgment can be rendered until such substitution is accomplished. *Cole v. Parker-Washington Co.*, 276 Mo. 220, 207 S.W. 749 (banc 1918); *Overstreet v. Overstreet*, 319 S.W.2d 49, 51–52 (Mo.1958). The judgment in this case, entered in the name of the original plaintiff after her death, is absolutely null and void as there is no final and appealable judgment. The appeal is premature and must be dismissed. *Claspill v. Craig*, 546 S.W.2d 202 (Mo.App. 1977). It is so ordered.

All concur, except FLANIGAN, C. J., recused.