**Raymond L. HAARMANN and Norma J. Haarmann, Plaintiffs-Respondents,**

v.

**C. Ivan DAVIS and Willodean Davis, Defendants-Appellants.**

No. 12333.

Missouri Court of Appeals,
Southern District,
Division Three.

July 23, 1981.

Daniel T. Moore, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiffs-respondents.

David W. Keathley, Keathley & Purcell, Poplar Bluff, for defendants-appellants.

BILLINGS, Presiding Judge.

In a two-count petition plaintiffs sought actual damages for breach of contract and

punitive damages for fraudulent misrepresentation. Defendants filed a general denial to the petition and a third-party petition against a named corporation, seeking indemnification for any damages awarded plaintiffs.

The purported judgment from which defendants lodged this appeal is as follows:

"Now on this 27th day of May 1981, the Court having considered all the evidence and exhibits in connection with this case does hereby find in favor of Plaintiffs and against Defendants and hereby awards Plaintiffs Judgment against Defendants in the amount of $3,252.79 and for their costs in this matter in behalf expended.

"WHEREFORE, it is the ORDER, JUDGMENT and DECREE of the Court that Plaintiff recover from Defendants the sum of $3,252.79 and their costs."

 The right of appeal is purely statutory. Sec. 512.020, RSMo 1978; *Haley v. City of Linn Creek*, 583 S.W.2d 590 (Mo. App.1979). A judgment is the final determination of the rights of the parties in the action [Sec. 511.020, RSMo 1978, Rule 74.01, V.A.M.R.] and where it does not dispose of all parties and all issues, it is generally not a final judgment for purposes of appeal. *MFA Mut. Ins. Co. v. Home Mut. Ins. Co.*, 600 S.W.2d 521 (Mo.App.1980). See Rule 81.05, V.A.M.R.

 Here, the trial court's action in rendering general judgment against defendants without specifying upon which count and without making any final disposition of defendants' third-party claim, did not result in a final judgment for purposes of appeal. *Young v. Raupp*, 301 S.W.2d 873 (Mo.App. 1957).

Defendants' appeal is premature and is, therefore, ordered dismissed.

All concur.