Lawrence E. CHURA, Anne Chura, and Lick Creek Sewer Systems, Inc., a Missouri corporation, Appellants,

v.

BANK OF BOURBON, et al., Respondents.

No. 13331.

Missouri Court of Appeals, Southern District, Division Three.

July 30, 1984.

John J. Allan, Allan & Malone, St. Louis, for appellants.

John L. Woodward, Woodward, Rohrer & Mazzei, P.C., Steelville, for respondents Bank of Bourbon, Grover L. Johnson, George Knapp, Calvin C. Kleinschrodt, Pearl Kleinschrodt and Crawford County Title Co.

John J. Horgan, Brian R. Plegge, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for respondent John L. Woodward.

Morton K. Lange, Cuba, for respondents Murl Ostertag and Virginia Ostertag.

CROW, Presiding Judge.

Lick Creek Sewer Systems, Inc. ("Lick Creek"), Larry Chura ("Larry") and Anne Chura ("Anne"),[1] appeal from an order granting (1) motions by several defendants to dismiss a third amended petition, and (2) a motion for summary judgment by two other defendants. Finding the order unappealable, we dismiss the appeal.

According to the trial court's docket sheet, the original petition was filed Janu-

---

1. We take these names from the notice of appeal, filed June 10, 1983.

ary 29, 1982. No copy of that petition is included in the legal file;[2] however, it appears from the docket sheet that three plaintiffs were named in that pleading: Lawrence E. Chura (whom we assume, from what is said in the briefs, is the same person as Larry), Anne and Lick Creek. We mention this because neither Larry nor Anne is named as a plaintiff in the first amended petition or the second amended petition.

The captions of the first amended petition and the second amended petition identify the plaintiffs as "LICK CREEK SEWER SYSTEMS, INC., A Missouri Corporation, et al." No other plaintiff is identified in the body of either of those pleadings, although the term "plaintiffs" appears several times in each.

The caption of the third amended petition reads, in pertinent part: "LICK CREEK SEWER SYSTEMS, INC., Plaintiff, vs. ...." Though that caption indicates there is only *one* plaintiff (Lick Creek), the third amended petition, which contains four counts, uses the term "plaintiffs" throughout, and one of the counts (Count IV) appears to be a claim by "plaintiff Anne Chura," alone, against several defendants.

At a hearing on June 1, 1983, which resulted in the order appealed from, and at which no one appeared for Lick Creek, Larry or Anne, the trial court pointed out the abstruse identification of the plaintiffs. After comments by counsel representing several defendants, the trial court apparently concluded that it was the intention of Lick Creek, Larry and Anne that all three be plaintiffs in Counts I through III of the third amended petition, and that Anne be the plaintiff in Count IV.

This was evidently what Lick Creek, Larry and Anne in fact intended because, as already noted, the notice of appeal identifies all three as appellants, indicating they all seek relief.

The four counts in the third amended petition are based on a foreclosure sale that is alleged to have occurred January 29, 1982.[3] It is pleaded that the "plaintiffs'" real estate was wrongfully sold. This, in itself, is confusing, inasmuch as the two deeds of trust attached to the third amended petition identify the mortgagor as Lick Creek, alone. Neither instrument indicates Larry or Anne had an ownership interest in the mortgaged land. However, we glean from the third amended petition and the deeds of trust that Larry and Anne were makers of at least one of the promissory notes secured by the deeds of trust, and that Larry and Anne were president and secretary, respectively, of Lick Creek at the time the deeds of trust were made.

We make these observations expecting that if appellants endeavor to carry on this litigation below, they will seek leave there to clarify their petition so that the trial judge and the defendants will not be obliged to speculate about the items we have discussed.

We now turn our attention from appellants to the defendants. The third amended petition names 11 defendants, two of whom are Dennis Kleinschrodt, hereafter referred to as "Dennis," and Jacklynn L. Volz (Kleinschrodt), hereafter referred to as "Jacklynn."

Dennis and Jacklynn were evidently not named as defendants in the original petition[4] and they are not named as defendants in the first amended petition. They are, however, named as defendants in the second amended petition, which was filed September 22, 1982. An entry on the trial court's docket sheet dated September 24, 1982, shows "Non est" on Dennis and Jacklynn. We infer from this that summons was not served on either of them.

---

**2.** Rule 81.12(a), Missouri Rules of Civil Procedure (14th ed. 1983). All Rule references are to that edition.

**3.** Para. 4, Count I, alleges the foreclosure was January 29, 1982. Para. 7, same Count, alleges the foreclosure sale took place January 27, 1982.

Appellants' brief alleges the property was sold January 29, 1982.

**4.** Appellants' brief states that appellants "hurriedly filed the original Petition pro se" on the day of the foreclosure sale.

One of the motions to dismiss that was granted June 1, 1983, was filed by six of the defendants.[5] Neither Dennis nor Jacklynn was one of those defendants. The other motion to dismiss granted that date was filed by defendant John L. Woodward. The motion for summary judgment granted that date was filed by defendants Murl Ostertag and Virginia Ostertag. At the hearing on those motions, defendant Woodward, an attorney, announced he was appearing for himself and for six other defendants,[6] none of whom was Dennis or Jacklynn. The other attorney who appeared at the hearing represented the Ostertags.

In its order granting the motions, the trial court notes the appearance of counsel for the Ostertags. Then, this: "All other defendants appear by counsel, John L. Woodward." This, of course, is broader than Woodward's announcement identifying the defendants he represented, which announcement did not include Dennis or Jacklynn.

The trial court's order goes on to say: "Motion To Dismiss filed by defendants, Bank of Bourbon, George R. Knapp, Calvin C. Kleinschrodt, Pearl Kleinschrodt, *Dennis Kleinschrodt, Jacklynn L. Volz,* Crawford County Title Company and John L. Woodward taken up. Argument of counsel. Said Motion To Dismiss as to Counts I, II, III and IV of Third Amended Petition is hereby sustained with prejudice." (Emphasis added). The trial court's order also granted the Ostertags' motion for summary judgment.

The point of all this is that the order appealed from purports to grant a motion to dismiss by several defendants including Dennis and Jacklynn, when there is no motion in the record before us that was filed on behalf of Dennis or Jacklynn. There is, moreover, no indication that Dennis or Jacklynn was ever served, and no attorney appeared on behalf of either at the hearing on June 1, 1983. In addition, no brief has been filed for them on this appeal. Woodward filed a brief for the six defendants he said he represented at the hearing on June 1, 1983, the Ostertags' attorney filed a brief for the Ostertags, and separate counsel filed a brief for Woodward.

We thus suspect that neither Dennis nor Jacklynn was ever served with process, and that neither ever appeared in the trial court, even though the order appealed from, on its face, finally adjudicates the cause on the merits as to them.[7]

In normal circumstances, we would have to decide what to do about Dennis and Jacklynn. We need not do so here, though, because the appeal must be dismissed for another reason.

As explained earlier, Woodward appeared on his own behalf, and on behalf of six other defendants [8] at the hearing on June 1, 1983. Woodward represents those same six defendants on this appeal. One of them is Grover L. Johnson. Relief is sought against Johnson in all four counts of the third amended petition. The order appealed from, however, does not dispose of the cause as to Johnson; he is not mentioned in that order. Albeit the omission of Johnson may be an oversight, we are nonetheless faced with an order that does not dispose of all of the issues between all of the parties.

▇▇▇ The right of appeal is purely statutory, § 512.020, RSMo 1978; Rule 81.01; *Haarmann v. Davis,* 620 S.W.2d 39, 40[1] (Mo.App.1981); *Haley v. City of Linn Creek,* 583 S.W.2d 590, 591[1] (Mo.App. 1979). A judgment is the final determination of the rights of the parties in the action, § 511.020, RSMo 1978, Rule 74.01, and where it does not dispose of all parties and all issues, it is generally not a final judgment for purposes of appeal. *Boyd v.*

5. Bank of Bourbon, Grover L. Johnson, George Knapp, Calvin C. Kleinschrodt, Pearl Kleinschrodt and Crawford County Title Company.

6. Those named in footnote 5.

7. As recited *supra,* the trial court's order granted the motion to dismiss with prejudice. Rule 67.03.

8. Footnote 5, *supra.*

*Boone Management, Inc.,* 649 S.W.2d 259, 260[1] (Mo.App.1983); *Haarmann,* 620 S.W.2d at 40[2]. While the finality of the judgment has not been questioned by any party to this appeal, we have a duty to inquire and determine, *ex mero motu,* whether a final appealable judgment has been rendered by the trial court, and the appeal must be dismissed, *sua sponte,* if finality is found lacking. *Haley,* 583 S.W.2d at 591[2]; *Jones v. Washburn,* 560 S.W.2d 604, 605–06 (Mo.App.1978).

 In the instant case, the trial court did not order a separate trial of any claim or issue, nor did the court specifically designate the order of June 1, 1983, as a final judgment for purpose of appeal. Consequently, as the order fails to adjudge the rights of all the parties, it is not appealable. State ex rel. *Schweitzer v. Greene,* 438 S.W.2d 229, 231[3] (Mo. banc 1969); *Reeves v. Smith,* 621 S.W.2d 534[2] (Mo. App.1981).

In the interest of preventing problems on a later appeal, if there be one, we pen a final comment regarding Dennis and Jacklynn. We earlier inferred they had not been served with process, and had never appeared in the court below. If that be true, the order of June 1, 1983, purporting to grant a motion to dismiss by Dennis and Jacklynn, is wrong.

If the trial court adjudicates all the issues between all the parties who have been served or who have appeared, and if Dennis and Jacklynn are not among those parties, there should be some disposition of the cause as to them before another appeal is attempted. *Schweitzer,* 438 S.W.2d 229; *Cooper v. Barr,* 413 S.W.2d 219 (Mo.1967); *Downey v. United Weatherproofing, Inc.,* 241 S.W.2d 1007 (Mo.1951).

 Inasmuch as this appeal must be dismissed for the reason stated, we obviously do not reach the Ostertags' contention that the appeal should be dismissed as to them because the notice of appeal fails to specify that appellants appeal from that part of the order of June 1, 1983, granting the Ostertags' motion for summary judg-

ment. The order of June 1, 1983, being unappealable, any defect or omission in a notice of appeal therefrom is, *a fortiori,* moot.

The appeal is ordered dismissed. Costs on appeal are taxed against appellants.

GREENE, C.J., and HOGAN, MAUS and PREWITT, JJ., concur.