**Lawrence MAURER, Appellant,**

**v.**

**Joseph W.B. CLARK, Michael Werner and Melvin West, Respondents.**

**No. 51589.**

Missouri Court of Appeals, Eastern District, Division 6.

March 31, 1987.

Anthony S. Bruning, St. Louis, for appellant.

David Richard Bohm, Asst. City Counselor, St. Louis, for respondents.

MANFORD, Special Judge.

While the finality of the judgment has not been questioned by any party to this appeal, this court has a duty to inquire and determine, ex mero motu, whether a final appealable judgment has been rendered by the trial court, and the appeal must be dismissed, sua sponte, if finality is lacking. Rule 81.05; *Chura v. Bank of Bourbon,* 674 S.W.2d 675, 678 (Mo.App. 1984); *Haley v. City of Linn Creek,* 583

S.W.2d 590, 591 (Mo.App.1979), and *Jones v. Washburn*, 560 S.W.2d 604, 605–606 (Mo. App.1978).

 A judgment is the final determination of the rights of the parties in the action, and where it does not dispose of all parties and all issues, it is generally not a final judgment for purposes of appeal. *Chura, supra,* at 677; *Boyd v. Boone Management, Inc.,* 649 S.W.2d 259, 260 (Mo.App.1983)[1]; and *Haarmann v. Davis,* 620 S.W.2d 39, 40 (Mo.App.1981).

A party to an action is a person whose name is designated on record as plaintiff or defendant. *Downey v. United Weatherproofing, Inc.,* 241 S.W.2d 1007 (Mo.1951) and *M & A Electric Power Cooperative v. True,* 480 S.W.2d 310, 314 (Mo. App.1972).

In the instant case, neither the transcript nor the legal file discloses any disposition of the cause as to defendants Clark and West. Inquiry directed to the clerk of the circuit court indicates that these defendants were never served. Plaintiff-appellant sued defendant-respondent Michael E. Werner and two others, Joseph W.B. Clark and Melvin West. Werner filed his separate answer and motion to dismiss. Said motion was taken up and overruled at a pre-trial hearing. The cause proceeded to trial.

Plaintiff appeared at trial in person and by attorney. Defendant Werner also appeared in person and by attorney. During the presentation of plaintiff's evidence, defendant Werner moved to dismiss and said motion was granted. The court's order granting said motion is not designated as final for purposes of appeal. Plaintiff appeals from the court's order granting a dismissal. Both Clark and West are designated as respondents on this appeal.

 Where suit was dismissed as to one defendant but no disposition was made as to other defendants, the judgment was not final, even though the other defendants had not been served. *Downey, supra,* at 1007.

Because this court is required to follow the latest ruling upon an issue made by our state supreme court, this court is required to dismiss this appeal. *Downey, supra.*

Appeal dismissed.

DOWD, P.J., and REINHARD, J., concur.

---

1. The original appeal was dismissed. The parties later perfected a subsequent appeal and the