Leona MAXWELL, Guardian of the Estate of Arthur W. Maxwell, Plaintiff–Appellant,

v.

George T. MAXWELL, Defendant–Respondent,

and

Robert H. Martin, Defendant.

No. 15264.

Missouri Court of Appeals, Southern District, Division Two.

April 5, 1988.

Marc P. Weinberg, St. Louis, for plaintiff-appellant.

No appearance for defendant-respondent.

**PREWITT, Presiding Judge.**

Plaintiff sought an order requiring defendants George T. Maxwell and Robert H. Martin to execute certain documents to effectuate the terms of a settlement agreement. She also sought attorney fees against both defendants as provided in that settlement agreement, and court costs.

Defendant Martin did not appear at a nonjury hearing on May 18, 1987, and, at the request of plaintiff's counsel, the cause was continued as to Martin. Near the start of the hearing, defendant Maxwell agreed to and did sign the requested documents. The hearing then proceeded on plaintiff's request for attorney fees. At the conclusion of the hearing the court entered an order denying attorney fees and taxed the costs to plaintiff. Plaintiff appeals, contending that the trial court erred in taxing costs against her and in denying her request for attorney fees. No disposition as to defendant Martin is shown in the record.

This court has a duty to inquire and determine whether a final appealable judgment has been rendered and the appeal must be dismissed if it has not. *Chura v. Bank of Bourbon,* 674 S.W.2d 675, 678 (Mo.App.1984).

Generally, an appealable judgment is one that disposes of all parties and all issues and leaves nothing for future determination, unless the trial court has specifically designated the particular order as final for purposes of appeal under Rule 81.06 (in effect at the time of the order here, since repealed, effective January 1, 1988). *Kozeny-Wagner, Inc. v. Shark,* 709 S.W.2d 149, 151 (Mo.App.1986); *Chura, supra,* 674 S.W.2d at 678.

We perceive of no reason why this general rule is not applicable here. The proceedings against Maxwell and Martin were initiated by one pleading which sought separate and joint relief against them, but on the record before us the only disposition was against defendant Maxwell.

As the matter was tried without a jury and the claims against both defendants arose out of the same occurrences and subject matter, the order determining the issues between plaintiff and defendant Maxwell was not appealable under Rule 81.06 unless designated by the trial court. The trial court did not do so. The order appealed from fails to adjudicate the rights of all parties and dispose of all issues. No appeal from it lies.

The appeal is dismissed.

HOGAN, FLANIGAN and MAUS, JJ., concur.