**Cynthia KUDA, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Respondent.**

No. 72226.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

·Kenneth K. Vuylsteke, Bernard D. Reams, St. Louis, for appellant.

Robert J. Wulff, St. Louis, for respondent.

Arthur J. Kase, Julie L. Prewitt, Ronald R. Holliger, Kansas City, amicus curiae Mo. Associate of Trial Attys.

COVINGTON, Judge.

■ The issue in this case is the enforceability of a limitation of liability clause in the medical expense coverage of an automobile insurance policy issued to Adolph Kuda, father of Cynthia Kuda, by American Family Mutual Insurance Company ("American Family"). Each party filed a motion for summary judgment. The trial court entered summary judgment for American Family and against Cynthia Kuda. The Missouri Court of Appeals, Eastern District, affirmed the judgment of the trial court then transferred the case to this Court pursuant to Rule 83.02 believing the issue to be one of general interest and importance. The judgment of the trial court is reversed and remanded in part and affirmed in part.

Adolph Kuda paid American Family for automobile insurance for himself and his family members, including Cynthia. The policy of insurance contained provisions for injuries incurred as a result of negligence of an uninsured motorist. The policy also included medical expense coverage for Cynthia up to the amount of $2,000.00.

Cynthia was injured in an automobile collision with an uninsured motorist. As a direct result of the accident, Cynthia incurred medical expenses of $1,706.00. Cynthia and American Family entered into a release agreement in the amount of $5,500.00 under the uninsured motorist coverage. By handwritten provision, Cynthia's counsel included upon the release and trust agreement: "This release specifically excludes any claim for payments under the medical pay provision of the above policy." Cynthia and her attorney endorsed the draft and returned the release and trust agreement to American Family. American Family denies having agreed to Cynthia's language of exclusion.

Cynthia filed a petition seeking recovery of her medical expenses under the medical payments coverage of the policy and a penalty for vexatious refusal to pay under § 375.296, RSMo 1986. American Family moved for summary judgment based primarily on a limitation of liability provision in the medical payments coverage. Cyn-thia countered with her summary judgment motion in which she contended the limitation on medical payments was invalid. The trial court granted American Family's motion, denied Cynthia's motion, and rendered judgment for American Family.

The issue before this Court turns in part on the language of limitation contained in American Family's medical expense coverage:

Part II—Medical Expense Coverage—Limits of Liability

Regardless of the number of vehicles described in the declarations, insured persons, claims or policies, or vehicles involved in the accident, we will pay no more than the limit of liability shown for this coverage in the declarations for each person injured in any one accident.

Any amount paid or payable for medical expenses under the Liability or Uninsured Motorists coverages of this policy shall be deducted from the amounts payable under this Part.

The limitation clause upon which American Family relies to deny medical pay coverage is ambiguous. Under one interpretation, the amount paid or payable as medical expenses under the uninsured motorist provision would be deducted from the total of the insured's medical expenses and she would receive any excess of those medical expenses up to the $2,000.00 limit. Under this interpretation, where the insured's medical expenses have been fully reimbursed under uninsured motorist coverage, the insured is owed nothing further. Another interpretation is possible: "... the amounts payable under this Part" means $2,000.00, the maximum amount of available coverage for medical expenses. Under this interpretation, any amount of medical expenses paid or payable under the uninsured motorist provision would be deducted from the maximum coverage available under the medical expense provision. In the situation in which an insured's medical expenses exceed her medical payment coverage and her total damages exceed the combined limits of the medical payments and uninsured motorist coverages, the language is again ambiguous. The limitation

of liability provision may be read to limit the plaintiff to the maximum amount payable under the uninsured motorist coverage. To construe more favorably to the insured, the limitation may be read to mean that the insured would first be compensated with the limits of uninsured motorist coverage and, if damages exceed the applicable limits and medical bills remain uncompensated through payment of uninsured motorist coverage, the insurer would then be required to honor its medical expense coverage. American Family urges this interpretation to support its contention that, at least in rare circumstances, the insured will receive the benefit of the medical expense coverage.

Although ambiguous language in an insurance contract is to be construed in favor of the insured, no construction of the limitation language permits Cynthia recovery under medical pay coverage. Her medical expenses are only $1,706.00. Under any reading of the limitation provision, Cynthia has been fully compensated.

The language of limitation becomes an issue only when the insured is involved in an accident with an uninsured motorist. If Cynthia had been involved in a single car accident, the medical expense coverage would be available. Had she been involved in an accident with an insured tortfeasor, American Family would pay the medical expenses from the fund the insured created through payment of premiums. American Family so concedes.

The practical consequence of the limitation of coverage compounds the anomalies: to achieve the desired effect of the policy limitation, the insurer must initially withhold payment under the medical expense coverage, even when the amount of the injured person's medical expenses is not in dispute, until after the determination of recovery under uninsured motorist coverage has been made—either by settlement or adjudication.

Cynthia contends that the limitation in the second provision of Part II violates Missouri's public policy as articulated in *Webb v. State Farm Mutual Automobile Ins. Co.,* 479 S.W.2d 148 (Mo.App.1972). The policy in *Webb* contained a limitation of liability provision which reduced amounts payable under the uninsured motorist coverage by amounts paid or payable under the medical payments coverage in the policy. The court noted that § 379.203 required an automobile insurance policy to insure against the risk of bodily injury caused by uninsured motorists. *Id.* at 150. The court cited with approval the generally held view that uninsured motorist coverage is to afford a policyholder injured by an uninsured motorist the same protection as the policyholder would have had if he had been injured in an accident caused by a driver of an automobile covered by a standard liability policy. *Id.* at 151.[1] Because the policy limitation had the effect of reducing the amount of uninsured motorist coverage required by § 379.203, the court concluded the limitation violated public policy. *Id.* at 152.

■■■ American Family is correct in stating that the present case does not directly violate *Webb.* Cynthia's damages are less than the combined limits of medical payments coverage and uninsured motorist coverage. Also, unlike *Webb,* the medical payment portion of the policy, rather than the uninsured motorist provision, contains the limitation of liability. Medical expense coverage remains optional coverage; it is not statutorily mandated. *Douthet v. State Farm Mutual Automobile Ins. Co.,* 546 S.W.2d at 156. Automobile liability insurance policies, however, carry public

---

1. In *Douthet v. State Farm Mutual Automobile Ins. Co.,* 546 S.W.2d 156, 158 n. 3 (Mo. banc 1977), however, this Court, in *dictum,* disapproved *Webb's* interpretation of § 379.203. *Douthet* involved the validity of a policy term that provided that from amounts payable under the uninsured motorist coverage because of bodily injuries sustained there shall be deducted those amounts paid or payable under any worker's compensation law on account of the bodily injuries. *Douthet,* consistent with the reasoning of *Cameron Mutual Ins. Co. v. Madden,* 533 S.W.2d 538 (Mo. banc 1976), and *Galloway v. Farmers Ins. Co., Inc.,* 523 S.W.2d 339 (Mo.App. 1975), and consistent with the holding in *Webb,* noted that § 379.203 requires that coverage in the amounts required by the Motor Vehicle Safety Responsibility Law not be diminished by contractual limitation of that amount, absent express statutory authority therefor.

considerations reaching beyond the rights of the parties to a contract. *Allstate Ins. Co. v. Sullivan,* 643 S.W.2d 21, 22 (Mo. App.1982).

The question then becomes whether in these circumstances the insurer's freedom to define the scope of medical payments coverage is to be restricted when uninsured motorist coverage is implicated. Section 379.203 expresses a purpose beyond that articulated in *Webb.* That purpose is to establish a level of protection equivalent to the liability coverage the insured would have received had the insured been involved in an accident with an insured tortfeasor. That purpose is defeated when the insurer restricts the scope of medical pay coverage as it has in the limitation language at issue in this case.

The judgment is reversed and remanded for entry of judgment in favor of Cynthia Kuda on her claim for medical expenses under the medical payments coverage of the policy. As to Cynthia's claim of vexatious refusal to pay, the judgment is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, HOLSTEIN, JJ., and PARRISH, Special Judge, concur.

BILLINGS, J., not sitting.