Charles and Mona WILSON, Plaintiffs–Respondents,

v.

AMERICAN STANDARD INSURANCE CO., a/k/a American Family Mutual Insurance Co., Defendant–Appellant.

No. 56743.

Missouri Court of Appeals, Eastern District, Division Three.

June 29, 1990.

Barbara W. Wallace, St. Louis, for defendant-appellant.

Burton A. Librach, Clayton, for plaintiffs-respondents.

SATZ, Presiding Judge.

The sole issue in this cause is the enforceability of a limitation of liability clause in the medical expenses coverage of an automobile insurance policy issued to plaintiffs, Charles and Mona Wilson, by defendant, American Standard Insurance Company.[1] Each of the parties filed a motion for summary judgment. The trial court entered summary judgment for plaintiffs. We affirm in part and reverse in part.

At the outset, we are faced with an almost insufficient record. This is not the first time this Court has been faced with an imprecise record in reviewing a trial court's grant of summary judgment. *See, e.g. Johnson v. Johnson*, 764 S.W.2d 711 (Mo. App.1989); *Hill v. Air–Shields, Inc.*, 721 S.W.2d 112 (Mo.App.1986). Repeatedly, attorneys have elected to live dangerously by relying on this type of record. To do so in the future may preclude a party from his day in this Court on the merits of his cause.

Apparently, the following facts are undisputed. Plaintiffs' insurance policy includes both medical expenses coverage, in the amount of $5,000 per person and $10,000 per accident, and uninsured motorist coverage. The medical expenses coverage contains a "limits of liability" clause (limitation clause), which in pertinent part provides that "any amount paid or payable for medical expenses under the Liability or Uninsured Motorists coverages of this policy shall be deducted from the amounts payable under this Part."

In April, 1986, plaintiffs sustained personal injuries in a collision with an automobile driven by an uninsured motorist. Plaintiffs submitted claims to defendant under both their uninsured motorist and medical expenses coverages. The parties negotiated a settlement of the claim for uninsured motorist coverage: in return for payments of $14,000 to Mr. Wilson and $12,000 to Ms. Wilson, plaintiffs released defendant from further liability under the uninsured motorist coverage.

Defendant refuses to pay plaintiffs' medical expenses claims, in the amount of $2,512.00 for Mr. Wilson and $2,056.00 for Ms. Wilson, on the grounds that the limitation clause in the medical expenses coverage entitled defendant to a set-off for amounts paid or payable for medical expenses under the uninsured motorist coverage. Defendant contends that plaintiffs

---

1. The parties' briefs state that a policy was issued to both plaintiffs. However, a blank copy of the policy is certified as being the copy of the policy "issued to Charles Wilson."

have already been compensated for their medical expenses under the settlement of their uninsured motorist claim. From our reading of the record and the parties' briefs, plaintiffs do not dispute this contention.[2]

■ However, plaintiffs do contend the enforcement of the limitation clause in their medical expenses coverage would violate the public policy of Missouri, as expressed in our Uninsured Motorist Statute, § 379.203 RSMo 1986. Plaintiffs rely on *Webb v. State Farm Mutual Automobile Ins. Co.*, 479 S.W.2d 148 (Mo.App.1972). Plaintiffs' reliance is misplaced.

Section 379.203 [3] requires that drivers insure themselves against the risk of bodily injury, sickness, or disease caused by the legally culpable conduct of an insured motorist by obtaining uninsured motorist coverage in at least the amount of liability coverage required by § 303.030. The *Webb* Court interpreted the public policy established by the Uninsured Motorist Statute as follows: "each insured *under such coverage* [shall] have available the full statutory minimum to exactly the same extent as would have been available had the tortfeasor complied with the minimum requirements of the financial responsibility Law." 479 S.W.2d at 152. The court held that this public policy prevented enforcement of a limitation clause authorizing reduction of an insurer's liability under uninsured motorist coverage by the amount payable under separate medical expenses coverage. *Id.*

A limitation clause contained in a medical expenses provision, rather than in an uninsured motorist provision, causes no concern based upon the public policy of the Uninsured Motorist Statute, as interpreted in *Webb*. A limitation on optional medical expenses coverage does not diminish an insurer's obligation to make mandatory uninsured motorist coverage available in the full statutorily required amount. In *Kuda v. American Family Mut. Ins. Co.*, 790 S.W.2d 464 (Mo. banc 1990), our Supreme Court acknowledged that such a limitation on medical expenses coverage "does not directly violate *Webb*."

■ However, in *Kuda*, the Court stated: "Section 379.203 expresses a purpose beyond that articulated in *Webb*. That purpose is to establish a level of protection equivalent to the liability coverage the insured would have received had the insured been involved in an accident with an insured tortfeasor." *Id.* at 466–467. The medical expenses provision involved in *Kuda* would have covered the policyholder's medical expenses caused by an insured driver, even if the policyholder had already been fully reimbursed for those expenses under the other driver's liability coverage. *Id.* at 466. Therefore, the *Kuda* Court held that the policyholder was entitled to reimbursement under the medical expenses provision for injuries caused by an uninsured motorist, even though the policyholder's uninsured motorist coverage had already fully reimbursed her for her medical expenses. *Id.* at 467.

The facts in the present case are indistinguishable from the facts of *Kuda*. The limitation clauses placed in the medical expenses provisions in both cases are identical. In both cases, uninsured motorist coverage fully compensated the policyholders for medical expenses caused by the negligence of an uninsured motorist. Thus, *Kuda* controls the present case.

■ In *Kuda*, the policyholder sought damages for the insurer's alleged vexa-

---

**2.** Of course, without the policyholder's agreement, an insurer may not designate as "medical expenses" amounts paid under uninsured motorist coverage.

**3.** § 379.203 provides in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in § 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom ...

tious refusal to pay a medical expenses claim, as did the plaintiffs here. The Supreme Court in *Kuda* affirmed the summary judgment for the insurer on the policyholder's vexatious refusal claim. *Id.* at 467. Because of the status of the law at the time defendant denied plaintiffs' claims for medical expenses, we do not find that denial to be vexatious.

The trial court judgment, as we read and understand it, awards Mr. Wilson $2,512.00 as medical expenses and $401.20 as damages for defendant's vexatious refusal to pay, a total of $2,913.20, and awards Ms. Wilson $2,056.00 as medical expenses and $355.60 as damages for vexatious refusal to pay, a total of $2,411.60.

We reverse that portion of the trial court's judgment awarding plaintiffs, Mr. and Ms. Wilson, damages for defendant's alleged vexatious refusal to pay and affirm the judgment in all other respects.

SMITH and GRIMM, JJ., concur.