**Marvin RALPH, and Catherine Wurtz, individually and on behalf of all others similarly situated, Plaintiffs/Appellants,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant/Respondent.**

**No. 58965.**

Missouri Court of Appeals, Eastern District, Division Three.

May 7, 1991.

Kenneth Karl Vuylsteke, Bernard D. Reams, St. Louis, for plaintiffs/appellants.

Robert A. Wulff, Daniel Cody, Amelung, Wulff & Willenbrock, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiffs Marvin Ralph and Catherine Wurtz appeal from the order of the trial court denying class action status and granting a motion to dismiss. Defendant has moved to dismiss the appeal on the grounds that the judgment was not final. Because the order granting the motion to dismiss did not cover all parties to the action, it is not a final appealable judgment.[1] We accordingly dismiss the appeal.

This action was originally filed as a class action brought by plaintiff Ralph individually and as a class representative. Defendant American Family Mutual Insurance Company [American Family] filed a motion to dismiss the petition on the grounds that 1) the cause of action did not constitute a

---

**1.** We do not address the ground that the order did not cover all of plaintiff Ralph's claims because the record is insufficient to do so.

class action, and 2) plaintiff, for various reasons which we need not consider here, had no individual cause of action. A hearing was held on this motion on August 2, 1990. On August 27, 1990, the trial court entered an order finding that the action could not be maintained as a class action and granted defendant's motion to dismiss the petition. On August 29, 1990, the trial court entered a second order granting plaintiff leave to file his First Amended Petition and to add plaintiff Catherine Wurtz as a party. The order continued:

Defendant refiles it [sic] Motion to Dismiss, previously filed, in response to plaintiffs' First Amended Petition.

Court's order of August 27, 1990 is hereby amended to read Defendant's Motion to Dismiss First Amended Petition is hereby granted. Said order to remain in full force and effect in all other respects.

■ Defendant's Motion to Dismiss was directed only to the class action and to the individual cause of action of plaintiff Ralph. It did not request dismissal of the individual action of plaintiff Wurtz. By granting the motion to dismiss, the trial court dismissed only the class action and the individual action of plaintiff Ralph. No disposition was made of the individual claim of plaintiff Wurtz. The judgment is, accordingly, not final. "A judgment is the final determination of the rights of the parties in the action, and where it does not dispose of all parties and all issues, it is generally not a final judgment for purposes of appeal." *Maurer v. Clark*, 727 S.W.2d 210, 211 (Mo.App.1987).

■ We have also considered whether the order denying class action status may be appealable as an exception to the general rule and conclude that it is not. Missouri Rule 52.08 governs class actions. No Missouri court has directly considered whether the denial of class certification is appealable. As Missouri Rule 52.08 is identical to Rule 23, Federal Rules of Civil Procedure, we may use federal precedent. *Defino v. Civic Center Corp.*, 780 S.W.2d

665, 668 (Mo.App.1989); *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App. 1989).

The United States Supreme Court has held that a federal trial court's determination that an action may not be maintained as a class action pursuant to the federal rule is not a "final decision" under 28 U.S.C. § 1291[2] and therefore not appealable as a matter of right. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The Court stated:

Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 [ (1945) ]. An order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim.

437 U.S. at 467, 98 S.Ct. at 2457, 57 L.Ed.2d at 537. The court found that such an order did not fall within the small class of decisions exempted from the final judgment rule because such an order 1) is subject to revision under Rule 23(c)(1), Fed.R.Civ.P., 2) involves considerations that are enmeshed in the factual and legal issues of the cause of action, and 3) is subject to effective review after final judgment. *Id.*, 437 U.S. at 468–69, 98 S.Ct. at 2458, 57 L.Ed.2d at 358. In *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427, 438 (1980), the Court reiterated: "We view the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final judgment."

The same reasoning applies to the denial of a class action by a Missouri trial court. As in the federal system, appeal is only from a final judgment. *Maurer, supra*, 727 S.W.2d at 211; §§ 512.020 and 511.020

---

**2.** "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district

courts of the United States...."

RSMo 1986. Missouri Rule 74.01 provides that:

> In the absence of such determination [that there is no just reason for delay], any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 52.08(c)(1) is identical to federal Rule 23(c)(1) and reads as follows:

> (1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

■ Thus, it is clear that an order denying class action status is subject to the same analysis as any other order. If it does not dispose of all of the claims or all of the parties or fall within an exception recognized in this state, it is not a final order. The order in this case did not dispose of all the parties and, until a final decision on the merits is made, it is subject to revision under Rules 52.08(c)(1) and 74.-01. Accordingly, it is not a final judgment from which an appeal may be taken.

Appeal dismissed.

REINHARD, P.J., and STEPHAN, J., concur.