**Marvin RALPH and Cathryn Wurtz,
Plaintiffs/Appellants,**

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Defendant/Respondent.**

No. 60888.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 12, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Kenneth K. Vuylsteke, Fox & Voylsteke,
Bernard D. Reams, St. Louis, John E. Bard-
gett, Riezman & Blitz, Clayton, for plain-
tiffs/appellants.

Robert A. Wulff, Robert Joseph Wulff,
Daniel J. Cody, Amelung, Wulff & Willen-
brock, St. Louis, for defendant/respondent.

SMITH, Presiding Judge.

Plaintiffs appeal from an order of sum-
mary judgment. The entry of that judg-
ment determined all claims of all parties
thereby remedying the defect which caused
our dismissal of a prior appeal. *Ralph v.
American Family Mutual Insurance
Company,* 809 S.W.2d 173 (Mo.App.1991).
We affirm.

This dispute between Ralph and defen-
dant has a long and somewhat tortured
history, but we do not find it necessary to
detail that. It is sufficient to say that
plaintiffs sought to bring a class action as
representatives of persons insured by de-
fendant who had not received full medical
payment benefits because of a set-off pro-
vision contained in defendant's policy re-
ducing medical payments by amounts re-
ceived under uninsured motorist coverage.
In *Kuda v. American Family Mutual In-
surance Company,* 790 S.W.2d 464 (Mo.
banc 1990) the court held such provision
was invalid because it was contrary to pub-
lic policy expressed in § 379.203, RSMo
1986.

Following the *Kuda* decision defendant
tendered to plaintiff Ralph the full amount
of his claim for medical payments. That
tender was refused. In an amended peti-
tion Wurtz was added as a plaintiff and
defendant tendered to her the full amount
of her claim. That tender was also re-
fused. The tendered amounts have been
paid into the registry of the court. The
effect of the summary judgment is to re-
fuse to allow the matter to proceed as a
class action. It is from this effect alone
that plaintiffs appeal.

Determination of whether an ac-
tion should proceed as a class action under
Rule 52.08 ultimately rests within the
sound discretion of the trial court. *City of
St. Peters v. Gronefeld,* 609 S.W.2d 437
(Mo.App.1980) [1]. The rule sets out four
prerequisites to maintenance of a class ac-

**524**

tion i.e. (1) the class be so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of all. *Id.* The rule specifically states that "only if" those prerequisites are met may the matter be brought as a class action. We need look no further than requirement (2). This case was filed two days after the decision in *Kuda.* At that time the only question of law or fact common to the class, i.e., the validity of the set-off provision, was no longer a question, it had been answered. If a case existed for class action treatment it was *Kuda.* After *Kuda* the issues remaining in cases to recover medical payments were fact questions such as whether the policy contains medical payment coverage, the amount of medical treatment, whether that treatment was necessary, whether the charges are reasonable, and whether the treatment was for injuries sustained in the accident. All of those questions are specific to the individual claimant, not common to the class.

■ The thrust of plaintiffs' argument is that if this case is not certified as a class action, people entitled to medical payment benefits who did not receive them will not be aware of their entitlement to them. This "vicarious avenger" argument may be accurate but it does not satisfy the procedural requirement for a common question of law or fact.

Judgment affirmed.

KAROHL and AHRENS, JJ., concur.