John VOLLMAN, Paul S. Finot, Dr. Alan S. Holtz and Patricia Riebold, Plaintiffs/Appellants,

v.

William ROSENBURG, a/k/a William Bracken, individually and as Trustee under the Last Will and Testament of Mabel Frieda Bick, and Jewel C. Rosenburg, and St. Albans Properties, L.L.C., and The Salvation Army, and Jeremiah W. Nixon, Missouri Attorney General, on behalf of the public interest, Defendants/Respondents.

No. 71031.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 5, 1997.

Russell A. Willis, III, Creve Coeur, for Appellants.

Erwin J. Roesel, Roesel and Scher, PC, St. Louis, for Jewell C. Rosenburg.

Robert E. Jones, Daniel S. Rork, Jones, Korum, Waltrip & Jones, St. Louis, Richard A. Wunderlich, Victoria I. Goldson, Lewis, Rice & Fingersh, L.C., St. Louis, for St. Albans.

William Sitzer, St. Louis, for The Salvation Army.

SIMON, Judge.

John Vollman, Paul S. Finot, Dr. Alan S. Holtz, and Patricia Riebold, (plaintiffs) appeal from an order of the Circuit Court of Franklin County dismissing plaintiffs' petition to quiet title with prejudice. Plaintiffs brought suit against defendants, William Rosenburg, a/k/a William Bracken (Rosenburg), individually and as trustee under the last will and testament of Mabel Frieda Bick (Bick), Jewel C. Rosenburg (Rosenburg's wife), St. Albans Properties, L.L.C. (St.Albans), the Salvation Army (Salvation Army), and Jeremiah W. Nixon as Attorney General for the state of Missouri (Attorney General).

On appeal, plaintiffs essentially contend that the trial court erred in dismissing their petition because: (1) it alleged facts which required a finding that the charitable trust which was created by Bick failed and could not be accomplished through cy pres, and therefore title should return to Bick's heirs at law "either by reversion or by virtue of a resulting trust;" and (2) it alleged facts which required a finding that plaintiffs held a possibility of reverter which became possessory on the failure of a "fee simple determinable" remainder to Salvation Army when the property was sold contrary to Bick's will.

On review, we give the pleadings their broadest intendment, construe all allegations in favor of appellants, and determine whether any claim for relief has been stated under substantive law. *Siesta Manor Inc. v. Community Federal*, 716 S.W.2d 835, 838[2] (Mo.App.1986).

The record indicates that Bick died testate on January 21, 1977. At the time of her death she owned a ten acre farm (the property) in Franklin County, Missouri. Her will provided in pertinent part:

THIRD: I give, bequeath and devise to William Bracken, [the property] for the duration of his life; and at the time of his death, the aforesaid property I give and bequeath to the Salvation Army (sic) to be used in perpetuity as a Rest Home, or Childrens (sic) Camp, and aforesaid property never to be sold. I hereby appoint as trustee of aforesaid property, William Bracken, and upon his death, I nominate and appoint the President of the Board of Directors of the Salvation Army....

The parties treat this clause as creating a life estate in Rosenburg, making him trustee during his life, and upon his death the remainder is to be held in trust for Salvation Army for use as a rest home or children's camp with the president of the board of directors of Salvation Army as the successor trustee.

Salvation Army later determined that it was no longer feasible to use the property as a rest home or a children's camp and that its best interest would be served if it sold its interest and used the proceeds for charitable purposes. In November of 1992, Salvation Army then sold its interest to St. Albans. In March of 1994, Rosenburg and his wife (Rosenburgs) entered into an agreement with St. Albans to sell their interest in the property. Rosenburg, individually and as trustee, his wife and St. Albans filed a Petition to Quiet Title, naming Attorney General as the defendant, on behalf of the public interest. They sought a declaration and decree that Salvation Army and Rosenburgs be permitted to transfer their interests in the property without restraint to St. Albans. The trial court entered an Order Quieting Title to the Property in favor of St. Albans.

Some time after this judgment, plaintiffs filed a Petition to Quiet Title, naming St. Albans, Rosenburg individually and as trustee, Jewel Rosenburg, Salvation Army, and Attorney General, as defendants. In their petition, plaintiffs claim that: (1) they are entitled to the property as Bick's surviving heirs at law; (2) Bick's will created a charitable trust that failed as a matter of law when Salvation Army and Rosenburgs sold their interests in the property and because of this failure, title to the property should vest in them.

Attorney General filed an answer to plaintiffs' petition denying the allegations contained in paragraph 13 of the petition, which

essentially contended that because Salvation Army and Rosenburg sold their interests in the property in violation of the charitable trust, the trust failed and as result the property should pass to Bick's surviving heirs at law, including plaintiffs, either by reversion or by resulting trust.

St. Albans filed an answer, and later an amended answer, in which it also denied the allegations of paragraph 13 of plaintiffs' petition. Salvation Army likewise filed an answer and denied the allegations of paragraph 13. Rosenburgs did not file an answer, but each did file motions to dismiss for failure to state a claim, or in the alternative to make more definite and certain.

Thereafter, St. Albans filed a motion for judgment on the pleadings claiming that because the charitable trust failed, Rosenburg should take title to the property under the residuary clause of Bick's will. Likewise, Salvation Army filed a motion for judgment on the pleadings. After these motions were filed, a Suggestion of Death of William Rosenburg was filed. The record does not indicate that a motion to substitute a party for Rosenburg, individually or as trustee, was filed.

Subsequently, the trial court entered its Order and Judgment which provided:

> Defendant's Motion for Judgment on the Pleadings is granted. Cause Dismissed with Prejudice. Costs taxed to Plaintiff.

The trial court's order did not specify which defendant's motion for judgment on the pleadings was granted.

The finality of the judgment has not been questioned by any party. However, we have a duty to inquire and determine whether a final appealable judgment has been rendered by the trial court, and the appeal must be dismissed if finality is lacking. *Maurer v. W.B. Clark*, 727 S.W.2d 210[1] (Mo.App.1987). A judgment is the final determination of the rights of the parties in the action, and when it does not dispose of all parties and all issues it is generally not final for purposes of appeal. *Id.* at 211[2]. A party to an action is a person whose name is designated on record as a plaintiff or defendant. *Id.* at [3].

While briefs on appeal were filed by St. Albans, Salvation Army, and Mrs. Rosenburg; Attorney General did not respond. The notice of appeal does indicate that a copy of the notice was sent to Attorney General. The record, however, does not reveal the status of the action as to Attorney General, who did not file for judgment on the pleadings, or to Rosenburg, individually or as trustee. Further there is no finding as to "no just cause for delay." Rule 74.01.

Since the record is silent as to the trial court's disposition of the action as to all parties, we must conclude that it is not final and appealable. Although a suggestion of Rosenburg's death was filed, the successor trustee was not joined as a party and as such, the action did not dispose of the trustee's interest. *See* Roth v. Lehmann, 741 S.W.2d 860, 862[1] (Mo.App.1987). Nor was there any indication that Mrs. Rosenburg or anyone else was acting on behalf of her deceased husband. Therefore, we dismiss plaintiffs' appeal, and as a result, plaintiffs' motions for leave to supplement the record on appeal and to strike the statement of facts from St. Alban's brief are mooted.

Appeal dismissed.

RHODES RUSSELL, P.J., and KAROHL, J., concur.